### BERRYMAN v. FRONEBERGER.
### (No. 7221.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1924.)

**I. Trial ⬅➡401—Interrogatories propounded to judge and his answers thereto held entitled to consideration as additional findings of fact and conclusions of law.**

Interrogatories propounded by counsel to judge and latter's answers thereto, *held* entitled to consideration as additional findings of fact and conclusions of law where such answers were, with the approval of the trial judge, filed as, and embraced in, transcript as being additional findings of fact and conclusions of law.

**2. Appeal and error ⬅➡544(3), 907(3)—Court of Civil Appeals must look to findings of fact for support of judgment in absence of statement of facts.**

Court of Civil Appeals must look to findings of fact for support of judgment in absence of statement of facts as it cannot, under such circumstances, presume there was evidence to support essential facts not thus affirmatively found.

**3. Principal and agent ⬅➡136(2)—Principal and not agent liable for breach of contract.**

Principal and not his agent is liable for breach of contract made by the agent as agent.

---

**4. Principal and agent ⬤⟶136(2)—Judgment against agent for principal's breach of contract held error.**

Where action against agent of owner of pasture lands was based on alleged breach of contract to furnish properly watered and fenced pasture, and also on defendant's fraudulent representations, judgment against agent based on breach alone and not on the alleged fraud *held* error.

Appeal from Nueces County Court; H. R. Sutherland, Judge.

Action by P. L. Froneberger against R. C. Berryman. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. C. Jones, of Robstown, for appellant.
H. J. Passmore, of Robstown, for appellee.

SMITH, J. Appellee, Froneberger, as the plaintiff below, alleged that he entered into an oral contract with appellant, Berryman, whereby the latter agreed to pasture Froneberger's cattle in a pasture belonging to one Capt. Huey, in Nueces county; that appellant represented that he had the pasture in charge, was the manager of it, and "had the right to pasture cattle therein, and accept cattle for pasturage therein for hire." It was further alleged that Berryman represented the pasture to be properly fenced and sufficiently watered, but that shortly after the cattle were placed in said pasture Froneberger ascertained that there was no water in the pasture; that the fence was down in many places; that Berryman negligently allowed it to remain down, and failed to repair it, so that the cattle escaped and 14 head, of the value of $210, were never recovered, although $58 was expended in a search for them. Froneberger sued Berryman for, and recovered of him, the sum of both said items, $268. Berryman has appealed.

[1] The cause was tried by the court without the intervention of a jury. At the instance of appellant the court filed written findings of fact and conclusions of law, and, subsequently, returned "Yes" or "No" answers to a number of exploratory interrogatories propounded in writing to him by counsel for appellant. These interrogatories, together with the judge's answers thereto, were filed in the court below as additional findings of fact and conclusions of law, and are embraced in the transcript. This is a somewhat novel and informal method of obtaining additional findings and conclusions from a trial judge, and appellee vigorously objects to any consideration being given the queer document on this appeal. We have concluded, however, that if the amiable trial judge was willing to enter into the spirit of the inquisition, and in solemn writing commit his answers to the searching interrogatories propounded to him by astute counsel, then we see no reason why the result should not be considered for what it is worth in determining the appeal.

[2] No statement of facts accompanies the record, and accordingly we must look alone to the findings of fact for support of the judgment; we cannot presume, as in other cases, that there was evidence to support essential facts not thus affirmatively found.

[3, 4] In his petition below appellee alleged facts showing in effect that the contract was made by appellant as the agent of the owner of the land on which appellee's cattle were to be pastured. The court found facts which, in effect, establish this relationship, and appellee's knowledge thereof. Now, if appellee had elected to hold appellant alone upon the alleged false and fraudulent representations, and had clearly stated a cause of action based thereon, and the evidence had accorded with the pleading, it may be, as appellee contends, that the court below would have been warranted in rendering judgment against Berryman individually. But if appellee failed to show fraud and did show breach of contract, then his cause of action was against the owner of the land, for whom Berryman was shown to be the agent, and not against the latter.

Here both fraud and breach of contract were sought to be alleged, but the court, omitting to expressly find fraud, did expressly find a breach of contract to furnish a properly fenced and watered pasture, and based the judgment upon such breach. In such case the principal, and not the agent, would be liable; whereas, the judgment was against the agent, and not the principal, who was not even a party to the suit.

The judgment is reversed, and the cause remanded.