## BELL v. BECKUM.
### No. 3698.

Court of Civil Appeals of Texas. Amarillo.
Dec. 9, 1931.

Moss & Deaver, of Memphis, for appellant.
C. Land, of Memphis, for appellee.

JACKSON, J.

The plaintiff, R. N. Beckum, sued the defendant, Zeke Bell, in the county court of Hall county, Tex., to recover $348.75, alleging that he and the defendant were and are engaged in business as real estate brokers in Hall county, Tex.

That while so engaged, the plaintiff was informed by the defendant that he had listed for sale or exchange a half section of land near Ralls, Tex., at a price of $47.50 per acre, or for such other amount as the owner of said half section would accept. That the owner had agreed to pay the defendant 5 per cent. commission on the consummation of an exchange on the value of his property, less the value of the property accepted by such owner in exchange, if an exchange was made.

That plaintiff then advised the defendant that he would introduce the defendant to a client of the plaintiff, who owned a stock of groceries valued at $2,500, who desired to sell or exchange said groceries and that the owner thereof would pay 2½ per cent. commission, provided plaintiff could find a purchaser with whom the owner of the groceries could consummate an exchange. That the plaintiff, at the request of the defendant, introduced the defendant to W. P. Longshore, plaintiff's client, and the owner of said stock of groceries. That it was agreed by and between the plaintiff and the defendant and W. P. Longshore that plaintiff was only acting as a middleman to bring W. P. Longshore and defendant together and that if Longshore consummated an exchange with Roy Fox of Crowell, principal of the defendant, agreeable to all parties, that the plaintiff was to receive from the defendant one-half the commissions accruing on such exchange. That plaintiff had no further agreement and took no further action in the transaction than to bring W. P. Longshore and the defendant together.

That the exchange was consummated between Longshore and the defendant's client, the owner of the half section of land, and the stock of groceries was valued in such exchange at $2,500 and the land was valued at $15,200 in the exchange, and the defendant thereby became bound to pay plaintiff one-half of the 5 per cent. commission on $12,700, or the sum of $317.50, and one-half of the 2½ per cent. on the value of the groceries, or $31.25, or an aggregate of $348.75. That W. P. Longshore understood that plaintiff was to get a part of the commission on the consummation of the deal.

In the alternative, the plaintiff pleads that if he did not have an express contract with the defendant, the services rendered by him were reasonably worth one-half the commission, or $348.75; that being the usual and customary commission paid by one broker to another in Hall county in such transactions.

Plaintiff alleges that he was the efficient and procuring cause of the exchange, and that the defendant, though often requested, has failed and refused to pay plaintiff, to his damage in the sum above alleged.

The defendant answered by a general and special demurrer and general denial.

The court overruled the defendant's demurrers, to which he excepted, and the case was tried before the court without the intervention of a jury and judgment rendered that the plaintiff Beckum recover from the defendant the sum of $62.50, with costs, from which judgment the defendant prosecutes this appeal.

The appellant challenges as error the action of the trial court in overruling his demurrer, because the petition discloses that the plaintiff represented his principal, W. P. Longshore, and the defendant represented his principal, Roy Fox, and fails to show that both principals knew of the agreement be-

tween the land agents to divide their respective commissions, which renders the contract alleged and relied on contrary to public policy and void.

The appellee in his petition does not allege that the grocery store was listed with him by his client W. P. Longshore for sale or exchange, but does allege that his duty under the contract with his principal was to find a purchaser with whom his principal could consummate an exchange on prices, terms, and conditions satisfactory to the principal. That his principal knew of and agreed to the contract between plaintiff and defendant.

■ It appears to be settled in this state that an agreement by one broker representing one of the principals to an exchange of land to pay the broker representing the other principal to the exchange, a commission, is an enforceable contract, if the principal of the broker who was to receive the commission knew of such contract between the brokers, and that such an agreement is not contrary to public policy and hence not void. Burck v. Wynn (Tex. Civ. App.) 168 S. W. 49 (writ of error denied); Williams v. Knight Realty Co. et al. (Tex. Civ. App.) 217 S. W. 755.

The appellant assigns error to the action of the trial court in overruling his so-called special exception to that portion of plaintiff's petition seeking to recover on alleged custom, because there is no allegation that such custom was generally open or notorious or that the defendant had knowledge thereof.

It will be noted that plaintiff in his petition did not seek to recover on custom, but alleged in the alternative that he was entitled to recover on a quantum meruit if it were determined that there was no express contract between plaintiff and defendant, and this assignment is not tenable.

■ There is no statement of facts in the record, but the court filed findings of fact in which he found that the plaintiff had an agreement with W. P. Longshore by the terms of which plaintiff was employed to find a purchaser willing to trade for said stock of groceries with the understanding and agreement that said Longshore should fix prices, terms. etc., agreeable to himself and consummate such trade or exchange. That for the services of producing such prospective purchaser, Longshore was to pay a 2½ per cent. commission on $2,500, the value of his stock of groceries. That the defendant had for sale or exchange a half section of land belonging to his principal, Roy Fox. That plaintiff introduced the defendant to W. P. Longshore, and that Roy Fox, Longshore, and the defendant consummated a transaction by which Longshore acquired Fox's land and Fox acquired Longshore's stock of groceries. That plaintiff never knew or had any agreement with Roy Fox and had no duty to perform in consummating the contract between the parties, other than bringing defendant and Longshore together. That after the consummation of the deal, the defendant collected all the commissions from both owners, save a balance of $31.25, one-half of a note accepted by the defendant from W. P. Longshore, and that plaintiff had been paid no part of such commissions.

"Inasmuch as there is no statement of facts in the record but the trial court filed findings of fact and conclusions of law, we are not authorized to presume the existence of any facts not found in support of the judgment." Hall v. Shirk (Tex. Civ. App.) 35 S.W.(2d) 191, 193, and authorities cited.

Appellee alleges that the land was listed with defendant at a price of $47.50 per acre, or for such other amount as the owner of said half section would accept. There is no finding by the court of the value of the land received by W. P. Longshore in exchange for his stock of groceries and no finding of the amount of commission paid by Roy Fox to the defendant.

In an exchange of land, a broker's commission must be based on the property received in exchange by his principal, unless the contract between the broker and the owner provides that the commission shall be based on an agreed value of the principal's property. Howell v. Bartlett (Tex. Civ. App.) 19 S. W. (2d) 104.

■ The appellant assigns as error the action of the court in rendering a judgment against him for $62.50, the amount of the commission paid by W. P. Longshore, because the pleadings are insufficient to support such judgment.

Appellee having alleged that he was entitled to only one-half of the commission paid by Longshore, this assignment must be sustained. It is elementary that there must be sufficient pleadings to support the judgment of the court.

The appellee asks that the judgment be reformed and affirmed for the sum of $348.75. This we cannot do, because of the absence of a statement of facts and the absence in the findings of fact by the trial court of a finding as to the value of Roy Fox's land and the amount of commissions which he paid to the defendant.

The judgment is reversed, and the cause remanded.