## SPENCER–SAUER LUMBER CO. v. BALLARD et al.

### No. 9884.

Court of Civil Appeals of Texas. San Antonio.

Nov. 18, 1936.

Rehearing Denied Dec. 9, 1936.

Osce Fristoe, of Harlingen, for appellant.

Myrick & Johnson, of Harlingen, for appellees.

SMITH, Chief Justice.

On December 1, 1931, C. S. Ballard purchased the real property here involved, situate in Cameron county, and, as part of the consideration therefor, expressly assumed to pay a debt then owing by his grantor to American National Insurance Company, in satisfaction of its deed of trust (first) lien upon said property to secure said debt. And, as an additional consideration, Ballard further assumed to pay another debt owing by his grantor to Spencer-Sauer Lumber Company in satisfaction of its mechanic's (second) lien upon said property. All those transactions were duly recorded.

On January 30, 1934, the balance due on the obligation to the Insurance Company amounted to $929.01, and on that day

Ballard, in pursuance of his assumption thereof, paid said balance in full, out of his own funds.

Nearly four months later, on May 16, 1934, the Insurance Company, holder of the (first) lien to secure said balance so paid, at Ballard's request, executed and delivered an assignment of said lien, which had been so discharged, to L. W. Wilson, to secure the latter in the payment of $1,000 of a $1,300 note that day executed by Ballard and payable to Wilson. Later, on June 1, 1934, Ballard executed and delivered to Wilson a deed of trust upon said property to secure Wilson in the payment of the whole of said $1,300 note.

No part of the payment made by Ballard in discharge of his debt to the Insurance Company, first lienor, had been furnished by Wilson, who was a stranger to the transaction.

It appears, further, that the property in question constituted Ballard's homestead on and after December 1, 1931, and was such at the time the Insurance Company executed the assignment of the first lien to Wilson, as well as at the time Ballard executed the deed of trust upon said property to secure Wilson in the payment of the preexisting debt.

This action was brought by the Lumber Company for the amount of Ballard's indebtedness to it, and to establish and foreclose its lien, as a first lien, upon said property to secure the indebtedness owing to it and assumed by Ballard as a part of the consideration for said property. In his answer and cross-action Wilson prayed for judgment against Ballard for said sum of $1,300, and for foreclosure of his lien, as a first lien, upon said property, by virtue of the assignment to him by the Insurance Company of its lien, and by virtue of the deed of trust executed by Ballard as a purported extension of the lien so assigned to him. Ballard answered the Lumber Company's petition, and Wilson's cross-action, by general demurrer and general denial.

Upon a trial before the court without a jury money judgments were decreed as prayed for by the Lumber Company and Wilson, respectively. It was further decreed that, by reason of the assignment of the Insurance Company's lien to Wilson, and the deed of trust lien executed for his benefit by Ballard, the lien held by Wilson was superior to that asserted by the Lumber Company. The latter has appealed, contending that, by reason of the payment by Ballard of the balance due on the debt secured by the Insurance Company's first lien, that lien was fully discharged and extinguished, and that thereupon the Lumber Company's lien became a first lien upon the property, and could not be cut off or postponed by the dealings between Wilson and Ballard.

Out of the facts stated arise the following major questions upon which the appeal rests:

(a) Did the full payment of the mortgage debt, by the person primarily and fully obligated to pay it, irrevocably extinguish the lien to secure that debt, so that the said lien could not thereafter be revived or continued by the mortgagee's assignment thereof to Wilson, theretofore a stranger to the transaction?

(b) And, as a corollary, did the Lumber Company's second lien become a first lien upon such payment in full of the debt theretofore supporting the mortgagee's first lien?

Since no part of the mortgage debt was paid, or funds therefor advanced, by the assignee of the lien to secure said debt, the question of subrogation is not in the case.

■■ The general rule seems to be universal that a lien is but an accessory to, or mere incident of, the debt secured by it, and is discharged and extinguished, ipso facto et eo instante, by payment of the debt by the person primarily obligated by contract therefor. The lien cannot be kept alive after such payment of the debt, nor can the intervening rights or liens of other creditors be cut off or postponed, by assignment to a third party who has in no way contributed towards payment of the debt. 28 Tex.Jur. p. 25, § 23; 29 Tex.Jur. p. 891, § 76; Pomeroy's Eq.Jur.(4th Ed.), §§ 797, 1210, 1213; Jones on Mort. (7th Ed.) §§ 804, 864, 865, 865a, 943, 948; 19 R.C.L. p. 432, § 214. And this extinguishment of the lien is complete without a release thereof. Perkins v. Sterne, 23 Tex. 561, 76 Am.Dec. 72.

■ The rule is specifically applicable to one (such as Ballard in this case) who take a conveyance of the mortgaged property and expressly assumed to pay the debt secured by the mortgage, or, as said by Mr. Pomeroy:

"An owner of the fee subject to a charge, who is himself the principal and

primary debtor, and is liable personally and primarily for the debt secured, cannot pay off the charge, and in any manner or by any form of transfer keep it alive. Payment by such a person and under such circumstances necessarily amounts to a discharge. The encumbrance cannot be prevented from merging by an assignment taken directly to the owner himself, or to a third person as trustee. This rule applies especially to a mortgagor who continues to be the primary and principal debtor. The rule also applies to a grantee of the mortgagor who takes a conveyance of the, land subject to the mortgage, and expressly assumes and promises to pay it as a part of the consideration. He is thereby made the principal debtor, and the land is the primary fund for payment. If he pays off the mortgage, it is extinguished." 2 Pomeroy's Equity Jurisprudence (4th Ed.) § 797.

■ In this case Ballard, being primarily obligated upon both debts, paid, solely out of his own funds, the debt secured by the prior lien, whereupon that lien was, ipso facto et eo instante, extinguished, and could not be kept alive by him for any purpose. The result is that the Lumber Company's lien, to secure an indebtedness which Ballard was likewise bound to pay, theretofore junior to the extinguished prior lien, automatically became the first lien, and its priority, thus attained, could not be defeated or postponed by the subsequent assignment of the extinguished lien to a stranger.

This was particularly true in view of the fact that the assignment in this case was not attempted until nearly four months after the first mortgage debt was paid. If such assignment can be effectively determined upon and executed four months after discharge of the debt, then no reason is perceived why it should not be effectively determined upon and executed a year, or two years, after the debt is paid, or at any time in the future, which is unthinkable.

■ In this connection Wilson contends that it will be presumed that the transactions culminating in the execution of the assignment were begun with the payment of the debt, and in pursuance of an intention, then formed, to so assign. We cannot see that such presumption would be of any benefit to Wilson. But, even so, the trial judge made no such finding. Upon this point he found, simply and only,

that: "On May 16th, 1934, at the time the American National Insurance Company executed and delivered to Loyal W. Wilson the above mentioned Assignment, the balance of the indebtedness for which said lien was given, had been paid by the defendant C. S. Ballard in full, on January 30th, 1934, to the American National Insurance Company."

In determining the question we can look no further than that express finding. The case was tried by the court without a jury. The record is not accompanied by a statement of facts. It embraces, however, the written findings and conclusions of the trial judge. In cases, tried without a jury, where the trial judge finds the facts, and a statement of facts accompanies the record, every additional essential fact not so found will be presumed, if supported by evidence in the statement of facts. But where, as in this case, there is no statement of facts, and the trial judge files findings of fact, the appellate court will not be authorized to presume the existence of any facts, not so found, in support of the judgment. Kimball v. Oil Co. 100 Tex. 336, 99 S.W. 852; Lyon & Matthews Co. v. Modern Order of Praetorians (Tex.Civ.App.) 142 S.W. 29; Baldwin v. Drew (Tex.Civ.App.) 180 S.W. 614; Ridgway v. Ft. Worth (Tex.Civ. App.) 243 S.W. 740; City Nat. Bank v. Pope (Tex.Civ.App.) 260 S.W. 903; Berryman v. Froneberger (Tex.Civ.App.) 266 S.W. 232, 233; Hall v. Shirk (Tex.Civ. App.) 35 S.W.(2d) 191; Bell v. Beckum (Tex.Civ.App.) 44 S.W.(2d) 389; Waggoner v. Edwards (Tex.Civ.App.) 83 S.W.(2d) 386.

■ The express findings in this case negative, rather than affirm, the fact that the assignment of the lien was intended or agreed upon by the parties at the time the debt was paid. The findings affirm, rather, that the intention was not formed, or the agreement made, until the very day of the execution of the assignment. And under the rule stated no presumption of fact will be indulged to supplement or aid the express findings. Morever, Wilson's pleading would not support a finding of such prior intention or agreement. He pleaded, simply, that the agreement to assign was made "sometime in April"; that the indebtedness of Ballard to him was evidenced by a note executed on May 16, the date of the assignment; that not until June 1 did Ballard execute the deed of trust to secure Wilson in said indebtedness.

We conclude that, when Ballard paid in full the debt secured by the first lien, that lien was thereby instantly and irrevocably discharged and extinguished, and the second lien, held by appellant to secure a debt which Ballard was primarily and absolutely bound to pay, moved up to the position of a first lien, and should have been enforced as such in this case.

■ It appears, as has been stated, that at the time of the attempted assignment of the extinguished lien from the mortgagee to Wilson, and at the time Ballard executed his deed of trust conveying the property to Wilson to secure Ballard's indebtedness to Wilson, the property constituted the homestead of Ballard and his wife. Since it has been decided that the attempted assignment of the first lien was ineffectual for any purpose, it is obvious that the mortgage lien thus attempted to be put upon the homestead was likewise ineffectual and unenforcible.

The judgment will be reversed in toto, and, as the adjustment of equities made below require complete revision in view of this decision, the cause will be remanded in its entirety, for further proceedings in consonance with this opinion.