## SPENCER–SAUER LUMBER CO. v. BALLARD et al.

### No. 10192.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

Rehearing Denied Dec. 22, 1937.

Osce Fristoe, of Harlingen, for appellant.

Myrick & Johnson, of Harlingen, for appellees.

SLATTON, Justice.

This is the second appeal of this case. The first appeal is reported in Tex.Civ.App. 98 S.W.2d 1054. There is no material difference in the questions involved than on the first appeal. We have in this record a statement of facts, as well as findings of fact and conclusions of law; there was not a statement of facts in the record on the previous appeal.

■ We think our previous rulings correctly determine the questions here involved; therefore, reference is made to that opinion. L. W. Wilson attacks some of the findings of fact made by the trial court on this appeal, claiming that such findings are without support in the evidence. We have examined the evidence and are of the opinion that the attack is without merit. The trial court having found that at the time of the loan from L. W. Wilson to Ballard the property involved was being used by the Ballards as their homestead, and we having determined that the transfer of the first lien by the American National Insurance Company to L. W. Wilson was ineffectual (because the debt which the lien secured had been extinguished by Ballard) under the Constitution and our decisions, the deed of trust given by the Ballards to L. W. Wilson upon their homestead was and is absolutely void.

■ In view of the case having been twice tried and the evidence appearing to have been fully developed, we think it our duty to here render the decree that should have been rendered by the trial court.

Therefore, that part of the decree which adjudged the lien of the appellant, Spencer-Sauer Lumber Company, to be second and inferior to the lien of L. W. Wilson is here reversed and rendered that Spencer-Sauer Lumber Company's lien is a first and superior lien on the property involved. That part of the decree which gave L. W. Wilson a lien (first for $1,000, and third for $500) on the property involved will be here reversed and rendered that L. W. Wilson have no lien of any character against the property here involved. In all other respects the judgment of the trial court will be affirmed.

Reversed and rendered in part, and. in part affirmed.