## STRATTON v. LEBUS.

### No. 3858.

Court of Civil Appeals of Texas. El Paso. June 1, 1939.

Frank C. Bolton, Jr., and Bramlette, Levy & Dotson, all of Longview, for appellant.

Hatchell & Hatchell, of Longview, for appellee.

HIGGINS, Justice.

Appellee brought this suit against the appellant, Stratton, to recover $352.76 alleged to be due upon open account. It was alleged a portion of the sum sued for was for the rental of certain tools rented by the plaintiff to the defendant and the balance was the purchase price of certain tools sold and delivered to the defendant. Stratton filed plea of privilege, claiming his right to be sued in McLennan County, where he resided. Controverting affidavit was filed by the plaintiff setting up that defendant, acting through his authorized agents, had agreed in writing to pay the amount sued for in Gregg County. The plea was overruled, and the defendant appeals.

At the request of the defendant the Court filed findings of fact, and the appeal is prosecuted upon such findings without a statement of facts.

■ In order to sustain the venue in Gregg County it was necessary for the plaintiff to show that defendant, acting through his authorized agents, had agreed in writing to pay the sum sued for in Gregg County, as alleged in the controverting affidavit. There is no such finding contained in the trial court's findings of fact. Upon that controlling issue the findings are completely silent.

■ Appellee does not contend the findings are sufficient in that respect, but asserts that in support of the trial court's order in overruling the plea a finding upon such issue in favor of the appellee should be implied. Since there is no statement of facts in the record this Court cannot indulge any such presumption or implication. This Court can look alone to the trial court's findings to ascertain the facts proved upon the hearing. The rule is correctly stated by Chief Justice Smith in Spencer-Sauer Lumber Co. v. Ballard, Tex.Civ.App., 98 S.W.2d 1054, 1056, as follows: "In cases, tried without a jury, where the trial judge finds the facts, and a statement of facts accompanies the record, every additional essential fact not so found will be presumed, if supported by evidence in the statement of facts. But where, as in this case, there is no statement of facts, and the trial judge files findings of fact, the appellate court will not be authorized to presume the existence of any facts, not so found, in support of the judgment."

The following cases cited by Judge Smith support the rule as stated: Kimball v. Houston Oil Co., 100 Tex. 336, 99 S.W. 852; Lyon & Matthews Co. v. Modern Order of Praetorians, Tex.Civ.App., 142 S.W. 29; Baldwin v. Drew, Tex.Civ.App., 180 S.W. 614; Ridgway v. Ft. Worth, Tex. Civ.App., 243 S.W. 740; City Nat. Bank v. Pope, Tex.Civ.App., 260 S.W. 903; Berryman v. Froneberger, Tex.Civ.App., 266 S.W. 232, 233; Hall v. Shirk, Tex.Civ. App., 35 S.W.2d 191; Bell v. Beckum, Tex. Civ.App., 44 S.W.2d 389; Waggoner v. Edwards, Tex.Civ.App., 83 S.W.2d 386.

The court erred in overruling the plea of privilege.

Reversed and remanded.