**INTER–CITY PROPERTIES, INC., Appellant,**

v.

**Dr. R. H. GIBBS et al., Appellees.**

**No. 1728.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 21, 1977.

Rehearing Denied Jan. 18, 1978.

Kenneth C. Kaye, League City, for appellant.

Douglas H. Chilton, Mabry, Herbeck & Chilton—Texas City, for appellees.

COULSON, Justice.

This is an appeal from a judgment ordering the partition of real property. Since we conclude that the parties contractually waived their rights to partition, we reverse and render.

In 1954 three physicians, R. H. Gibbs, G. D. Ford and Dan H. Eames, purchased property in Galveston County as co-tenants. Shortly thereafter, in 1955, they entered into a written agreement which, among other things, restricted the use and occupancy of that land, and granted each co-tenant a preferential right to purchase the interests of the others. The agreement has a thirty year term.

In 1973 a dispute arose among the doctors concerning jointly owned x-ray equipment. As a result of this dispute Gibbs and Ford filed suit against Eames and others for conversion of the x-ray equipment, and against Inter-City Properties, Inc., Eames' successor in interest to the real property, for partition. The suit for conversion was subsequently dismissed, and the sole matter involved in this appeal is a judgment granting partition by sale.

Although the right to partition is favored by the courts, and is protected by statute in Texas, it is well settled that this right may be waived or contracted away. E. g., Spires v. Hoover, 466 S.W.2d 344 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.). We find that several provisions of the 1955 contract constitute waivers of, or bars to, a suit for partition. Specifically, these are the grants of preferential rights to purchase given each of the co-tenants, the clause restricting occupancy of the property to the parties and to those others of whom all of the parties approve, and the clause restricting use of the property to medical

offices and clinics. *See Sibley v. Hill,* 331 S.W.2d 227, 229 (Tex.Civ.App.—El Paso 1960, no writ); Annot., 132 A.L.R. 666 (1941).

■ The trial court submitted a special issue inquiring whether Gibbs and Ford intended to contract away their right to partition. This submission was improper, since the contract provisions in question are unambiguous, and their effect and consequence is a question of law. We are not bound by the jury's answer. *E. g., Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193, 196 (Tex.Sup.1962).

■ Although we hold that Gibbs and Ford are not entitled to judicial partition of their interests, it does not follow that they are without a remedy, since the contract contains a mechanism for the sale of a co-tenant's interest. Section V of the agreement provides that should a co-tenant desire to sell his interest he may do so, subject to compliance with the provisions regulating the other co-tenants' preferential rights to purchase. This section impliedly guarantees each party the right to sell his interest and good faith cooperation with such efforts will be required of the other parties.

Reversed and rendered.