L. W. SHIPLEY, Jr., Appellant,

v.

E. L. BISCAMP et al., Appellees.

No. B1977.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 21, 1979.

Larry L. Huelbig, Lapin, Totz & Mayer, Houston, for appellant.

Douglas H. Chilton, Texas City, William G. Neumann, Jr., Houston, Mabry, Herbeck & Chilton, Texas City, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

Plaintiff filed suit to foreclose on an express contractual lien on certain real property and to recover specific sums alleged to be due and owing. Defendant, in addition to a general denial, cross-claimed for partition of the subject property based on an alleged breach of trust by the plaintiff. Appeal is from a judgment finding plaintiff in breach of trust and ordering a judicial sale of the property and partition of the proceeds.

On April 7, 1970, E. L. Biscamp (appellee or Biscamp), George A. Biscamp,[1] and L. W. Shipley, Jr. (appellant or Shipley) entered into an agreement wherein E. L. Biscamp and George A. Biscamp conveyed the legal interest in a Texas City shopping center to Shipley. Under the agreement Shipley was designated as trustee of the property for the benefit of Biscamp and himself. The ownership was allocated fifty percent to Biscamp and fifty percent to Shipley. Further, the agreement provided for Shipley to have absolute control over the property and

to have unquestioned discretion over decisions as to sale, rent, refinancing, repairs and maintenance. Shipley agreed to bring all past due accounts on the property current, but was entitled under the agreement to have those amounts reimbursed "before Biscamp shall be entitled to any portion of the revenues . . . ," and the contract further provided that reimbursement was to be from "rentals, refinancing of the properties, sales, or any other way . . ."

In October 1972 Shipley demanded in writing that Biscamp contribute his pro rata share toward the net operating losses incurred in the two preceding years, thus attempting to invoke the following provisions of the agreement:

Subject to the other provisions herein, each of the Owners from this date shall be obligated to pay when due, his proportionate part of all costs and expenses incurred in operating the properties or otherwise . . .

Biscamp agrees to pay to Shipley within five (5) days after receipt of notice from Shipley that funds are needed for the payment thereof, his proportionate part of any amount for the payment of which Owners are liable hereunder . . .

Biscamp did not honor the demand nor did he honor a subsequent demand in September 1973. This suit was filed in 1974 by Shipley, who was seeking a foreclosure on Biscamp's half interest as provided in the agreement, plus reimbursement of the amounts expended to bring the accounts current in 1970. Biscamp, alleging mismanagement of the trust property by Shipley, sought a judicial sale and partition of the proceeds even though the contract stated that "[e]ach owner agrees that he will not take any action to partition the property . . . ."

The jury found that there was a net operating loss in 1972, that Shipley had not breached the trust agreement, that the property was susceptible to partition in

---

1. Prior to trial, George A. Biscamp conveyed his interest in the properties to E. W. Biscamp, and was not a party to this suit. All references herein are to E. W. Biscamp.

kind, that Biscamp and Shipley each owned fifty percent of the property, but that there was no money owing from either Biscamp to Shipley or from Shipley to Biscamp. The trial court disregarded the finding of a net loss in October 1972 on the ground that it was not supported in Shipley's pleading of a net loss as of September 30, 1973. The trial court also disregarded the finding that Shipley had not failed "to properly carry out the duties owed by a trustee to his beneficiary" on the ground that there was no evidence to support it. Further, the court found that "it would not be equitable to permit Mr. Shipley, who has breached the trust agreement to enforce that portion of the agreement prohibiting partition. . ." The court found the property was not susceptible to partition in kind and ordered it sold. Based on the jury's finding that there was no money due either from Biscamp to Shipley or from Shipley to Biscamp, the trial court ordered the proceeds of the sale paid one-half to Biscamp and one-half to Shipley.

▪ Appellant Shipley first contends that it was error for the trial court to disregard the jury's finding of a net operating loss in October 1972. In our opinion that finding must be considered in conjunction with special issue eight, which inquired:

> What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence is owed to Mr. Shipley, Trustee, by Mr. Biscamp under the terms of the contract dated April 7, 1970?

Special issue eight submitted the essential question whether there was any debt in existence upon which foreclosure of the contractual lien could be predicated at the time of trial, since it is fundamental that without a debt there can be no lien. *Perkins v. Sterne*, 23 Tex. 561 (1859); *Trane Company v. Wortham*, 428 S.W.2d 417 (Tex. Civ.App.-Houston [1st Dist.] 1968, writ ref'd n.r.e.).

> The general rule seems to be universal that a lien is but an accessory to, or mere incident of, the debt secured by it, and is discharged and extinguished, ipso facto et

eo instante, by payment of the debt . . . . .

*Spencer-Sauer Lumber Co. v. Ballard*, 98 S.W.2d 1054 (Tex.Civ.App.-San Antonio 1936, no writ). Although there may have been a valid net operating loss in 1972 for which Biscamp was liable, and upon which foreclosure of his interest could have been properly predicated, if there was no debt in existence at the time of trial foreclosure would have been improper. For this reason, it was Shipley's burden to obtain a jury finding of a debt in existence at the time of trial. The records introduced at trial by Shipley are complete only through December 1976, and none were produced to bring to the attention of the fact-finders any debt existing at the time of trial. There being no evidence of any amount owing from Biscamp to Shipley, the jury's response to special issue eight withstands scrutiny.

▪ Further, Shipley, in his motion for judgment on the verdict, requested the court to accept the jury's answer to special issue eight. Having "invited" the trial court to accept the answer, Shipley cannot on appeal question the submission of the issue or the jury's answer thereto. *Northeast Texas Motor Lines, Inc. v. Hodges*, 138 Tex. 280, 158 S.W.2d 487 (1942, opinion adopted); *Saper v. Rodgers*, 418 S.W.2d 874 (Tex.Civ.App.-Houston [1st Dist.] 1967, writ ref'd n.r.e.). Since foreclosure on Biscamp's interest would have been improper in light of the jury's response to special issue eight, any error in disregarding special issue number one, inquiring whether there was a net operating loss in October 1972, was harmless. Tex.R.Civ.P. 434. The question whether Shipley would be entitled to interest as allowed by law on the amounts properly demanded from 1972 until paid is not before this court and we express no opinion as to the availability of this relief. We also note that the contract provides for reimbursement to Shipley of the amounts expended to bring the accounts current on the property in 1970, and that reimbursement may be made from rentals, sale of the properties, refinancing, or from any other disposition of the property.

Shipley also contends that it was error for the trial court to disregard the jury's finding that Shipley had not failed to properly execute his duties under the agreement and to order a partition of the property in direct contravention of the anti-partition clause of the contract. The judgment entered by the trial court in this regard states:

> The Court finds that Mr. Shipley, Trustee, failed to perform his duties as trustee and is in breach of the trust agreement. The Court further finds that it would not be equitable to permit Mr. Shipley, who has breached the trust agreement to enforce that portion of the agreement prohibiting partition of the property. That the breach of the trust of Mr. Shipley permits Mr. Biscamp to seek an end to the trust and request that the property be partitioned.

The trial court was not authorized to make this finding (or any finding) contrary to the jury verdict. We find ample evidence to sustain the verdict. Also, the alleged breach of trust in this case would not be of such nature as to justify rescision of the entire contract. *See, Weber v. Hesse Envelope Company,* 342 S.W.2d 652 (Tex. Civ.App.-Dallas 1960, no writ) (employer's breach of employment contract by terminating without notice not sufficient to allow employee to avoid non-competition clause). We recognize that "[a]lthough the right to partition is favored by the courts, and is protected by statute in Texas, it is well settled that this right may be waived, or contracted away. . . ." *Inter-City Properties, Inc. v. Gibbs,* 560 S.W.2d 503 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Spires v. Hoover,* 466 S.W.2d 344 (Tex.Civ.App.-El Paso 1971, writ ref'd n.r.e.). However, our holding that Biscamp and Shipley are not entitled to judicial partition of their interests does not deprive them of a remedy, as the contract specifically sets out a method for the sale of a cotenant's interest subject to the other cotenant's right of preferential purchase. "[The contract thereby] guarantees each party the right to sell his interest and good faith cooperation with such efforts will be required of the other part[y]. . . ." *Inter-City, supra.*

Based on the jury's answer to special issue eight, we sever and affirm the trial court's refusal to enter a money judgment for Shipley to the date of trial and also the refusal to foreclose on Biscamp's interest in the property at that time. However, due to the error in ordering the sale and partition of the property in disregard of the agreement, we reverse and remand the remainder of the case for further development consistent with this opinion.

Affirmed in part and reversed and remanded in part.