**AFFIRMED and Opinion Filed August 10, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00020-CV

**SEAN PAGE, Appellant**
**V.**
**GUADALUPE DE LA CRUZ, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-05249-2020**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Pro se appellant Sean Page appeals the trial court's grant of summary judgment in favor of appellee Guadalupe De La Cruz on her claim for partition of the parties' jointly owned residence. In four issues, Page contends that (1) the trial court lacked subject-matter jurisdiction to order partition because De La Cruz's petition was not served in compliance with Texas Rules of Civil Procedure 21, 21a and 106; (2) the parol evidence rule deprived De La Cruz of jurisdictional standing to bring the partition suit; (3) the parties purportedly signed two agreements not to partition, thus depriving this Court of jurisdiction over the parties' dispute; and

(4) De La Cruz's failure to list the mortgage lender as a party of interest in her petition deprived the trial court of subject-matter jurisdiction.[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.2(a).

## BACKGROUND

In 2007, the parties jointly purchased a residence in McKinney, Texas, holding the property as joint tenants. The purchase was funded by a loan from EquiFirst Corporation, whose interest in the property was secured by a deed of trust listing both Page and De La Cruz as borrowers. In 2015, Page went to federal prison for a crime the details of which are not included in our record. Page was apparently released from prison at some point in or before 2020.[2]

On October 9, 2020, De La Cruz filed her original petition for partition of real property. De La Cruz alleged that Page abandoned the property during his incarceration and that she moved into and became the sole caretaker of the property, "including but not limited to, paying the mortgage, taxes, utilities, and expenses associated with [it]." De La Cruz requested that the court order a partition by sale and divide the proceeds equally between the parties. Page, proceeding pro se, answered the lawsuit on October 20, 2020, alleging among other things that he and

---

[1] Page fails to cite us to the clerk's record, and merely references the appendices, which constitutes briefing waiver. *See* TEX. R. APP. P. 38.1(i); *Jackson v. Citibank (S.D.), N.A.*, 345 S.W.3d 214 (Tex. App.—Dallas 2011, no pet.) ("An appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the record."). However, due to the limited record required for the determination of issues presented, we are able to proceed forward with the jurisdictional and merits-based review.

[2] We deduce from the statements of the parties that Page was released from prison before this lawsuit was filed.

De La Cruz previously signed an agreement entitling him to purchase her interest in the property. He asserted that he did not want the property to be partitioned and instead requested that the trial court "enforce the signed Contract Agreement between" the parties. Page also alleged that De La Cruz had restricted his access to the property since his release from prison and had disposed of his personal effects inside the property without his consent. He requested $5,100 as a fair-market rental value for each month that he was denied access to the property and an additional $5,000 in total for his personal property.[3] On October 23, Page filed a second answer containing substantially the same allegations and requests as the October 20 answer.[4]

On July 28, 2021, De La Cruz filed a traditional motion for summary judgment on her claim for partition. Page responded and also filed a motion to dismiss for lack of subject-matter jurisdiction on grounds that De La Cruz's original petition and motion for summary judgment were not served in accordance with Texas Rules of Civil Procedure 21, 21a, and 106. The trial court denied De La Cruz's motion for summary judgment because she failed to attach any evidence to her motion. The trial court also denied Page's motion to dismiss, explaining that Page "filed two answers to the lawsuit on October 20, 2020 and October 23, 2020, thereby waiving any issues he might have regarding personal service of process."

---

[3] The trial court has not yet disposed of Page's rental-value and personal-property claims, or any assertions of monies expended on the property between 2007 and 2014 and they are thus not before us in this appeal or in the record.

[4] The only discernible difference between the October 20 and October 23 answers is the font size.

On November 15, 2021, De La Cruz filed a second motion for summary judgment. In support, De La Cruz attached her own unsworn declaration, in which she testified in relevant part that (1) the parties agreed to and secured a mortgage to purchase the property in 2007; (2) Page was incarcerated in 2015, at which time Page "abandoned the property and corresponding financial obligations"; (3) during Page's incarceration, De La Cruz made multiple attempts to acquire his consent to sell the property or secure financing to purchase her share of the interest, neither of which Page did; (4) Page refuses to participate in an equitable sale of the property, and (5) the property is a single family residence that cannot be subdivided into parts. De La Cruz requested that the trial court grant the motion and order a partition by sale. De La Cruz scheduled her motion to be heard by submission on December 10, 2021.

On November 19, Page filed a document titled "Defendant's Motion for Declaratory Judgment and Dismissal of Plaintiff's Summary Judgment" supported by Page's unsworn declaration and several exhibits, including the purported agreement signed by the parties in 2014 (2014 Agreement). The 2014 Agreement states, in full:

CONTRACT AGREEMENT

2/11/2014

This contract agreement is made between Sean Page (buyer) and Guadalupe De La Cruz (seller) owners of the Real Property located at [McKinney, Texas address]. Guadalupe (seller) shall voluntarily relinquish her rights, and transfer deed trust (quick claim deed) for sole ownership and transfer the title to Sean Page. The terms of this contract

–4–

agreement will commence once a final payment is delivered to the seller in the amount of $5,000.00. Seller wishes to move forward with her life, after leaving the keys and garage door openers on the kitchen counter.

Furthermore, any modifications to the contract agreement must be in writing and signed by each owner. This will alleviate and prevent any party from later claiming that the contract agreement does not contain what the parties agreed to.

The aforesaid contract agreement shall be interpreted in accordance with the laws of Texas. Thus, both Sean and Guadalupe accept the offer by signing this agreement that were mutually agreed to the terms listed above. Sean and Guadalupe are over the age of 18 and have not taken any mind altering drugs, or not under duress.

Page requested that the trial court deny De La Cruz's motion for summary judgment and enforce the 2014 Agreement by ordering De La Cruz to sell her interest in the property to Page for $5,000. On December 8, 2021, De La Cruz filed a reply arguing that the 2014 Agreement (1) is inadmissible because Page failed to authenticate it, (2) was not signed by De La Cruz, and (3) cannot be enforced because the statute of limitations for a breach-of-contract claim had expired.

On December 9, Page filed a "Motion for Partial Dismissal Pursuant to Tex. R. Civ. P. 91a," arguing that, pursuant to the parol evidence rule, De La Cruz's motion for summary judgment "should be dismissed in part and granted only to the extent that she be compelled to perform the financial terms of her now breached contract in which she agreed to sell [Page] all her interest, rights, and title to the property at issue for $5,000." On December 10, Page filed his "Defendant's Reply to Plaintiff's Summary Judgment." In this document, Page reiterated his prior

arguments that De La Cruz's motion for summary judgment should be denied due to the parties' prior agreement, the parol evidence rule, and Texas Rules of Civil Procedure 21, 21a, and 106. Page also argued in the December 10 filing that De La Cruz's limitations argument fails because she was in continuous breach of the 2014 Agreement by refusing to sell her interest in the property to him for $5,000.

On December 31, 2021, the trial court entered an order granting De La Cruz's second motion for summary judgment. On the same day, the trial court entered its Interlocutory Judgment of Partition, in which it found that: (1) the parties each held a fifty-percent ownership interest in the property, (2) the property was encumbered by a mortgage lien in favor of Community Loan Servicing (Community), and (3) sale of the property and division of the net proceeds was more equitable than division of the property in kind. The trial court ordered that the property be listed for sale and all proceeds from the sale be placed in the registry of the court, the equitable division of which the court reserved for a future determination. This appeal followed.[5]

**DISCUSSION**

Page raises four issues on appeal, contending that the trial court lacked jurisdiction because: (1) De La Cruz violated Texas Rules of Civil Procedure 21,

---

[5] We initially questioned our jurisdiction over an interlocutory order and determined prior to proceeding that the Court has jurisdiction over this appeal. *See Long v. Spencer*, 137 S.W.3d 923, 925-26 (Tex. App.—Dallas 2004, no pet.) (issues determined by partition order must be challenged following its entry and cannot be attacked collaterally after the entry of later order or judgment).

–6–

21a, and 106; (2) De La Cruz violated the parol evidence rule; (3) the 2014 Agreement estops De La Cruz from seeking partition; and (4) De La Cruz failed to join Community as a party.[6] Although Page's issues are couched in terms of subject-matter jurisdiction, Page's brief also asserts various reasons why the trial court's grant of summary judgment was erroneous. The crux of Page's arguments relates to the impact, if any, of the 2014 purported partition agreement. We will therefore address Page's jurisdictional arguments and, where necessary, also address his merits-based arguments as to the trial court's grant of summary judgment. *See* TEX. R. CIV. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *see also Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver[, and] appellate courts should reach the merits of an appeal whenever reasonably possible.").

---

[6] On appeal, Page also filed a form, available on this Court's website, titled "Challenge to Constitutionality of a State Statute." *See* TEX. GOV'T CODE ANN. § 402.010(a-1). In the space provided to summarize his constitutional argument, Page appears to have merely reiterated his issues stated herein:

> Texas Property Code Section 23.001. Texas Rule Civil Procedure Civil Rule 756 et seq.

> Court lacks subject matter jurisdiction. Partition is precluded by a parol evidence rule/perpetual contract voluntarily signed by Plaintiiff [sic]. Plaintiff is committing Fruad [sic] upon the Court with her Partition lawsuit. See Exhibit (A), Plaintiffs Perpetual Contract. Also Plaintiff intiating [sic] suit never served Defendant to suit in accordance with Tex.R.Civ.P. 21., Tex.R.Civ.P. 106.

Out an abundance of caution, this Court notified the Attorney General of the filing. *See id.* § 402.010(a). However, Page's briefing presents no constitutional argument for consideration.

## I. STANDARD OF REVIEW

### A. Jurisdiction

Subject-matter jurisdiction refers to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). A court has subject-matter jurisdiction over a case when the parties have standing and a ripe, justiciable controversy between them. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 685 (Tex. 2020). Standing is a component of subject-matter jurisdiction and a constitutional prerequisite to suit. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). "A trial court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Id.* If a plaintiff lacks standing, the trial court must dismiss the action for want of jurisdiction. *Id.*

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In determining whether jurisdiction exists, we look not to the merits of the pleader's claims, but to the allegations in the pleadings. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We accept the factual allegations as true and construe them in the pleader's favor. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, the case must be dismissed. *Id.*

### B. Summary Judgment

We review summary judgments de novo. *Riner v. Neumann*, 353 S.W.3d 312, 314 (Tex. App.—Dallas 2011, no pet.). A plaintiff seeking to recover on a claim

may, at any time after the defendant answers, move for summary judgment on all or part of the claim. TEX. R. CIV. P. 166a. When a party moves for summary judgment on her own claim, she must conclusively establish every necessary element in her favor. *Riner*, 353 S.W.3d at 314. A matter is conclusively established by the evidence if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Id.* We must take the evidence favorable to the nonmovant as true and draw every reasonable inference from the evidence in favor of the nonmovant. *Id.*

Once the movant establishes her right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Roberts v. Roper*, 373 S.W.3d 227, 232 (Tex. App.—Dallas 2012, no pet.). A party relying on an affirmative defense to defeat a motion for summary judgment must raise a genuine issue of fact as to each element of the defense. *Id.*

## II.  ANALYSIS

### A.  Defects in Service

In his first issue, Page contends that the trial court lacked subject-matter jurisdiction because De La Cruz failed to comply with Texas Rules of Civil Procedure 21, 21a and 106. Specifically, Page complains that De La Cruz's original petition for partition did not indicate whether he was served by registered or certified mail, did not certify compliance with Texas Rule of Procedure 21, and was not served via registered or certified mail. *See* TEX. R. CIV. P. 21(d), 106. Page further

complains that the trial court never authorized substituted service by email as required by Rule 106(b).

Complaints regarding defects in service of citation implicate the trial court's personal jurisdiction, not its subject-matter jurisdiction. *See Guardianship of Fairley*, 650 S.W.3d 372, 385 (Tex. 2022). Unlike subject-matter jurisdiction, which concerns a court's jurisdiction to hear a case and cannot be waived, personal jurisdiction concerns a court's jurisdiction over a particular party and can be waived. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex.2006). A party waives the absence of personal jurisdiction by making a general appearance in the case or by failing to timely object to the court's jurisdiction. *Id.* The filing of an answer by a defendant constitutes a general appearance. *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied). As the trial court recognized when it denied Page's motion to dismiss, Page filed two answers to De La Cruz's petition and thereby made a general appearance. The trial court was therefore correct in concluding that Page waived any complaints regarding personal jurisdiction.[7]

We overrule Page's first issue.

---

[7] Page also appears to argue that De La Cruz, in serving her motion for summary judgment, was required to comply with the rules governing service of the citation. That is incorrect. Once the defendant has been served with the citation, all subsequent pleadings and motions must be served in accordance with Rule 21 and 21a. *See* TEX. R. CIV. P. 21, 21a. Thus, to the extent Page argues that Rule 106 requires a party to obtain the trial court's approval before serving a motion via email, we reject the argument.

**B.     The Parol Evidence Rule**

In his second issue, Page asserts that "the parol evidence rule precluded appellee of jurisdictional standing to bring her partition suit and summary judgment." Page does not explain what parol evidence the trial court was barred from considering, how that evidence "precludes" De La Cruz's standing, or even which rule about parol evidence he relies on. Page's brief quotes several authorities discussing two separate rules relating to parol evidence[8] but fails to include any argument about how either rule was violated in this case. Page's brief then cites the Texas Constitution's Open Courts provision and, without any analysis or record citations, concludes that De La Cruz lacked standing to bring her partition action.

Under our rules, a party's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). In the absence of appropriate record citations or a substantive analysis, Page does not present an adequate appellate issue for our review. *See Cruz v. Deutche Bank Nat'l Tr.*, No. 05-14-01358-CV, 2016 WL 6087680, at *2 (Tex. App.—Dallas Oct. 18, 2016, no pet.). When a party fails to adequately brief a complaint, he waives the

---

[8] For a discussion of the difference between the two rules, see *West v. Quintanilla*, 573 S.W.3d 237, 243 n.11 (Tex. 2019).

issue on appeal. *In re Interest of N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.).

We overrule Page's second issue.

### C.    Anti-Partition

In his third issue, Page contends that the trial court lacked jurisdiction over this case because the parties previously entered into "two separate contracts expressly and impliedly agreeing not to partition the property," referencing the 2014 Agreement[9] and a "Planned Unit Development Rider" to the deed of trust signed by the parties in 2007.[10]

A partition suit seeks to resolve issues of possession between co-owners of real property. *See Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex. 1983) ("A partition suit is based on the theory of common title, rather than disputed ownership."); *James v. Hitchcock*, 309 S.W.2d 909, 913 (Tex. App.—San Antonio 1958, writ ref'd n.r.e.) (partition concerns possession, not title). "Texas law will not force a reluctant joint owner of real property to maintain joint ownership." *Wood v. Wiggins*, 650 S.W.3d 533, 548 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). Instead, a joint owner of real property may "compel a partition of the interest or the property among the

---

[9] We note that De La Cruz denied in the trial court, and on appeal continues to deny, that she ever signed the 2014 Agreement. She also complains that the 2014 Agreement was not authenticated. Given our disposition of this issue, we do not reach these arguments. *See* TEX. R. APP. P. 47.1. For the purposes of this appeal, we will presume that De La Cruz was a party to the 2014 Agreement.

[10] Although Page does not use the term, we refer to his identified agreements or clauses not to partition as "anti-partition" agreements. *See Shipley v. Biscamp*, 580 S.W.2d 52, 54 (Tex. App.—Houston [14th Dist.] 1979, no writ) (considering an "anti-partition clause" of a contract).

–12–

joint owners . . . under [Chapter 23 of the Property Code] and the Texas Rules of Civil Procedure." *Id.* (quoting TEX. PROP. CODE ANN. § 23.001). This right to partition is considered absolute. *Id.* (citing *Moseley v. Hearrell*, 171 S.W.2d 337, 338 (Tex. 1943)). The purpose of partition is "enable one holding or entitled to hold with others an undivided possession, to sever that possession and right, and thenceforth to hold and exclusive possession of a specific part of the property, which before partition all the co-owners had the equal right to possess." *Irons v. Fort Worth Sand & Gravel Co.*, 284 S.W.2d 215, 219 (Tex. App.—Fort Worth 1955, writ ref'd n.r.e.).

To establish her right to partition, De La Cruz was required to plead and prove that she had a common interest in the property and equal right to present partition. *Savell v. Savell*, 837 S.W.2d 836, 838 (Tex. App.—Houston [14th Dist.] 1992, writ denied). In her petition, De La Cruz pleaded a joint, equal-undivided ownership of the property, as reflected in the Warranty Deed, that she "no longer wish[ed] to co-own the Property with [Page]" and that her efforts "for a buy-out and re-finance of the mortgage" were unsuccessful. We conclude that De La Cruz's allegations were sufficient to invoke the trial court's jurisdiction. We therefore overrule Page's third issue to the extent he complains that the trial court lacked subject-matter jurisdiction over De La Cruz's claim.

We now turn to the merits of Page's third issue. It is undisputed that the parties jointly purchased the property, secured by a mortgage loan signed by both. The

summary-judgment evidence consisted of both the deed of trust and the warranty deed from the previous owners. De La Cruz also testified in her declaration that despite her efforts, Page "refuse[d] to participate in an equitable sell [*sic*] of the property." De La Cruz therefore established her right to partition. In his response to De La Cruz's second motion for summary judgment, Page argued that the 2014 Agreement was an anti-partition agreement and De La Cruz was therefore estopped from asserting her right to partition.

Although the right to partition is absolute, it was never intended to interfere with contracts between co-tenants modifying or limiting this otherwise incidental right, nor to render it impossible for parties to make contracts expressly providing against partitioning. *Lichtenstein v. Lichtenstein Bldg. Corp.*, 442 S.W.2d 765, 769 (Tex. App.—Corpus Christi 1969, no writ). Parties can waive the right to partition by express or implied agreement. *Wood*, 650 S.W.3d at 548; *see also Lichtenstein*, 442 S.W.2d at 769 ("An express agreement not to partition will be honored by the courts and an agreement against partitioning will be implied, when the granting of such relief would destroy the estate sought to be partitioned."). If the parties did enter into an expressed or implied anti-partition agreement, the party seeking partition will be estopped from asserting that right. *Wood*, 650 S.W.3d at 548 "Consequently, the relinquishment of the right to partition has been characterized as an estoppel or

waiver." *Id.* Estoppel and waiver are affirmative defenses that need to be pleaded and proved.[11] *Id.* at 549; *see* TEX. R. CIV. P. 94 (listing affirmative defenses).

Because Page relied on an affirmative defense to defeat De La Cruz's motion for summary judgment, he would ordinarily need to raise a genuine issue of material fact as to each element of the defense. *See Roberts*, 373 S.W.3d at 232. However, the dispositive question here is whether the 2014 Agreement constitutes an anti-partition agreement. To make that determination, we must "examine the particular contract involved and from the provisions thereof determine whether or not the parties impliedly contracted against partition." *See Lichtenstein*, 442 S.W.2d at 769–70 (quoting *Warner v. Winn*, 191 S.W.2d 747, 751 (Tex. App.—San Antonio 1945, writ ref'd n.r.e.)). The interpretation of a contract is a question of law that we review de novo. *Kachina Pipeline Co., Inc. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015).

Page relies on the following provisions of the 2014 Agreement to support his contention that it is an anti-partition agreement:

> [De La Cruz] shall voluntarily relinquish her rights, and transfer deed trust (quick claim deed) for sole ownership and transfer the title to [Page]. The terms of this contract agreement will commence once a final payment is delivered to the seller in the amount of $5,000.00.

[11] We conclude Page adequately pleaded estoppel as an affirmative defense to De La Cruz's partition claim. When construing pleadings, we look to their substance, as opposed to any labels, to determine the nature of the relief sought. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). In his October 23, 2020 answer, Page alleged that he and De La Cruz had signed a "Contract Agreement of the buy-out, regarding [Page's] purchasing interest in the subject property." He stated that he "does not seek partition by sale" and requested that the trial court "enforce the signed Contract Agreement between [the parties], as this should be considered 'Breach of Contract.'" It is clear from Page's answer that he was relying on the 2014 Agreement as a reason why De La Cruz was precluded from seeking a partition.

Our determination turns on the distinction between bilateral and unilateral contracts. "A bilateral contract is one in which there are mutual promises between two parties to the contract, each party being both a promisor and a promisee." *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009). A unilateral contract, on the other hand, is "created by the promisor promising a benefit if the promisee performs. The contract becomes enforceable when the promisee performs." *Id.* In *Vanegas*, the Court explained the enforceability of unilateral contracts using this hypothetical:

> Almost all unilateral contracts begin as illusory promises. Take, for instance, the classic textbook example of a unilateral contract: "I will pay you $50 if you paint my house." The offer to pay the individual to paint the house can be withdrawn at any point prior to performance. But once the individual accepts the offer by performing, the promise to pay the $50 becomes binding.

*Id.* at 303.

Here, the 2014 Agreement is akin to the "classic textbook example" of a unilateral contract. Because the parties agreed that the terms of the 2014 Agreement would "commence once a final payment is delivered to the seller in the amount of $5,000.00," De La Cruz's obligation to transfer her interest in the property to Page would only be triggered in the event Page made that payment. There is neither evidence in the record, nor any affirmative declaration, that Page made such a payment. Therefore, De La Cruz was free to withdraw her offer, which she did by filing this partition suit. We conclude that the 2014 Agreement did not constitute an anti-partition agreement.

Regarding the Planned Unit Development Rider, we discern that Page argues, for the first time on appeal, that De La Cruz is not entitled to partition because the rider provides that the parties "shall not, except after notice to [EquiFirst] and with [EquiFirst's] written consent, either partition or subdivide the Property[.]"[12] To preserve an issue for appeal, a party must first present the issue to the trial court. *See* TEX. R. APP. P. 33.1(a). Because Page did not raise this issue in the trial court, it is not preserved for our review.

We overrule Page's third issue.[13]

## D. Joinder

In his fourth issue, Page contends that the trial court lacked jurisdiction because De La Cruz failed to join Community as a party. Failure to join necessary parties to a partition suit deprives the trial court of jurisdiction to enter a partition order. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991). However, "Texas courts have repeatedly and consistently held that only parties with possessory interests in real property are necessary parties to partition suits." *Carter v. Harvey*, 525 S.W.3d 420, 436 (Tex. App.—Fort Worth 2017, no pet.) (listing cases). A

---

[12] The trial court's interlocutory judgment of partition contains a finding that "[a] mortgage lien exists with Community Loan Servicing." However, the deed of trust in our record lists the mortgagee as EquiFirst Corporation, while Community is listed on invoices as the loan servicer.

[13] In his response to De La Cruz's second motion for summary judgment, Page also appeared to argue in the trial court that De La Cruz was not entitled to partition because she allegedly paid at most $5,000 toward the mortgage, while Page paid tens of thousands of dollars. This is at best a claim for equitable contribution and does not affect De La Cruz's entitlement to partition as a remedy. The trial court, in its partition judgment, expressly reserved questions of equitable division of the proceeds for a later date. The record does not reflect the court-ordered sale, or the anticipated partition; therefore, the issue of the equitable division of the proceeds is not before us and addressing it would otherwise be advisory.

mortgage lender has no present possessory interest in the property is therefore not a necessary party to a partition suit. *Richardson v. Milner*, 345 S.W.2d 449, 451 (Tex. App.—Amarillo 1961, writ ref'd n.r.e).

We overrule Page's fourth issue.[14]

## CONCLUSION

Having overruled Page's issues, we affirm the trial court's Interlocutory Judgment of Partition.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220020F.P05

---

[14] As the issue is not before us, we also do not opine on what notice to and/or consent of the lienholder may be required.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SEAN PAGE, Appellant

No. 05-22-00020-CV      V.

GUADALUPE DE LA CRUZ, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-05249-2020.

Opinion delivered by Justice Goldstein. Justices Pedersen, III and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GUADALUPE DE LA CRUZ recover her costs of this appeal from appellant SEAN PAGE.

Judgment entered this 10th day of August 2023.