Opinion issued February 7, 2008 















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00547-CV






ALBERT O. AUSTIN, Appellant


V.


COUNTRYWIDE HOMES LOANS, REX L. KESSER, THOMAS E.
REDDER, AND KEITH MORRIS, Appellees






On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 2005-34260






O P I N I O N

 Appellant, Albert O. Austin, challenges the trial court's order granting
summary judgment in favor of appellee, Countrywide Home Loans, on claims arising
from Austin's failure to pay a promissory note. In nine issues, Austin complains that
the trial court erred in granting the motion because there are fact issues regarding
Countrywide's ownership of the note, the amounts Austin has paid on the note, and
Countrywide's administration of the note. We affirm.

 Factual and Procedural Background

 This action arises from the execution of a promissory note for the purchase of
real property. In May 2001, Austin executed a promissory note ("the Note") for the
purchase of property located at 8114 Sandy Glen Lane, Harris County, Texas ("the
Property"). The Note, in the amount of $65,913.00, had a 30-year term and was 
payable to Harbor Financial Mortgage Corp. The Note was secured by a deed of trust
on the Property. After its execution, the Note was reassigned several times and was
ultimately assigned to Countrywide. (1)
 

 Austin made payments on the Note until June of 2003, when he stopped
making payments altogether. At the time that he stopped making payments, the
remaining principal balance on the Note was in excess of $57,000.00. Nevertheless,
approximately two weeks later, Austin began filing instruments in the real property
records purporting, among other things, to amend or revoke the deed of trust. In
response, Countrywide accelerated the principal balance and interest accruing on the
Note. 

 Austin filed suit against Countrywide for, among other things, breach of
contract, common law fraud, breach of fiduciary duty, and for violations of various
state and federal statutes. Through these claims, Austin seeks to (1) cancel the Note
and prevent Countrywide from foreclosing on the Property and (2) recover alleged
damages resulting from Countrywide's administration and collection efforts under the
Note. His fundamental complaint appears to be that Countrywide is not a valid
assignee of the Note and that, consequently, all of its actions in the administration and
collection of the note are unlawful. (2)

 Countrywide counterclaimed, seeking foreclosure, recovery of all amounts due
and owing on the Note, and a declaration that the instruments that Austin filed in the
real property records of Harris County constitute impermissible clouds on the title to
the Property. Countrywide filed a traditional and no-evidence motion for summary
judgment seeking the dismissal of Austin's claims and the affirmative relief requested
in its counterclaim.

 The trial court granted the motion and entered judgment in favor of
Countrywide. In addition to dismissing Austin's claims and awarding Countrywide
damages, the trial court granted Countrywide the right to foreclose on the Property. 
On the same day that the court signed the summary judgment order, Austin filed a
motion for leave to amend his pleadings to add additional claims against
Countrywide. No order was signed relating to the motion for leave. On appeal,
Austin challenges the trial court's order granting summary judgment.

Standard of Review

 To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). We may affirm a summary judgment only when the record shows that a
movant has disproved at least one element of each of the plaintiff's claims or has
established all of the elements of an affirmative defense as to each claim. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). When, as in this case,
a summary judgment does not specify the grounds on which the trial court granted it,
we will affirm the judgment if any theory included in the motion is meritorious. 
Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995);
Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 25 (Tex. App.--Houston [1st
Dist.] 1995, writ denied). However, a summary judgment must stand or fall on the
grounds expressly presented in the motion. McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 339-41 (Tex. 1993).

 To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party's cause of action. 
Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94,
99 (Tex. 2004). We review a no-evidence summary judgment under the same legal
sufficiency standard used to review a directed verdict. Boaz v. Boaz, 221 S.W.3d
126, 130 (Tex. App.--Houston [1st Dist.] 2006, no pet.). Although the non-movant
need not marshal its proof, it must present evidence that raises a genuine issue of
material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary
judgment motion may not properly be granted if the non-movant brings forth more
than a scintilla of evidence to raise a genuine issue of material fact on the challenged
elements. Ridgway, 135 S.W.3d at 600. More than a scintilla of evidence exists
when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).


 Countrywide's Recovery on the Note

 Austin's ultimate argument with respect to issues one and three through seven
is that the trial court erred in granting summary judgment in favor of Countywide on
its claim for recovery on the Note. We disagree.

 To recover for a debt due and owing under a promissory note, a party must
establish that it is the legal holder of an existing note, the debtor's execution of the
note, and that an outstanding balance is due and owing. Commercial Serv. of Perry,
Inc. v. Wooldridge, 968 S.W.2d 560, 564 (Tex. App.--Fort Worth 1998, no pet.). 
In this case, Countrywide presented evidence in support of each element of its claim
for breach of the Note.

 The affidavit testimony of Kimberly Dawson, vice president of Countrywide,
and Dianne DeLoney, manager of Countrywide's case management group,
establishes that Countrywide is the holder of the Note and that it was executed by
Austin. Dawson testified that Countrywide is the sole holder of the loan evidenced
by the Note dated May 8, 1991, in the original principal amount of $65,913.000,
executed by Austin, payable to the order of Harbor Financial Mortgage Corporation,
duly endorsed to Countrywide, (the holder in due course), and secured by a deed of
trust or "Mortgage recorded on May 8, 1991 as Instrument No. Clerk's File No
N137477 in the official records of Harris County," (the "Mortgage"). She testified
that, attached to Countrywide's motion for summary judgment, is a true and correct
copy of the Note and the Mortgage.

 Dawson also testified that the original assignment was duly executed and
delivered by Countrywide's predecessor-in-interest to Countrywide, but has been
lost or misplaced, and Countrywide has been unable to locate the assignment despite
diligent efforts to do so by employees of Countrywide. Dawson testified that a new
assignment was executed by Washington Mutual Bank as successor to Fleet
Mortgage Corp., through its attorney in fact, Countrywide Home Loans, Inc. She
further testified that Countrywide has not assigned, pledged, sold, endorsed, or in
any way transferred or hypothecated the Note, the Mortgage, or any interest therein,
and Countrywide retains full right, power, and authority to collect the amounts owed
to the holder of the Note and to foreclose on the Property as well as to sell, transfer,
and convey its interest in the Note and the Mortgage. She testified that Countrywide
has never consented to a release or modification of the Note or the Mortgage. 

 The affidavit testimony of Dianne DeLoney establishes the outstanding
balance due and owing on the Note. In her affidavit, DeLoney testifies that Austin
was required to pay $554.24 per month for principal and interest plus additional
amounts for escrow of taxes and insurance. The last payment made by Austin was
on December 23, 2004. The principal balance as of the date the summary judgment
was filed was $57,751.47. As of February 28, 2006, the total amount due for the
unpaid principal balance plus interest and fees due from Austin is $96,567.27. At
the time of the filing of Countrywide's motion for summary judgment, Austin had
a negative escrow balance of $13,423.42, with additional interest continuing to
accrue after February 28, 2006 at the rate of $17.16 per day. DeLoney testified that,
attached to Countrywide's motion for summary judgment, were true and correct
copies of Austin's payment history regarding the Note. 

 Finally, Countrywide provided summary judgment evidence establishing that
the doctrine of res judicata also bars Austin from raising the issue of ownership of
the Note in this lawsuit. When a prior judgment is offered in a subsequent suit in
which there is identity of parties, issues, and subject matter, under the doctrine of res
judicata, such judgment is treated as an absolute bar to retrial of claims pertaining
to the same cause of action. Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818
(Tex. 1984). Attached to Countywide's motion for summary judgment is a copy of
an order dated September 3, 2004, issued by the United States Bankruptcy Court for
the Northern District of Georgia in Austin's prior bankruptcy proceeding. In this
order, the bankruptcy court ruled that, despite his arguments to the contrary, Austin
executed the Note and that Countrywide is the current holder of the Note. In its
order, the bankruptcy court also notes that "Mr. Austin has admitted in his schedules
that he is indebted to Countrywide . . . ." As such, the doctrine of res judicata bars
Austin from re-litigating this issue and establishes Countrywide's status as the holder
and assignee of the Note and establishes that Austin executed on the Note.

 In response to Countywide's motion, Austin presented an affidavit, a
document entitled "Disputed Facts," documents purporting to be copies of checks
made out to Countywide, and assorted copies of his correspondence with
Countywide. However, these documents do not raise a fact issue regarding the
ownership of the Note or Countrywide's right to recover under the Note. The
affidavit does not contradict any of the facts contained in the evidence attached to
Countrywide's motion for summary judgment nor does it verify any of the "disputed
facts" set forth in the attachment to Austin's response. Furthermore, with respect to
the copies of the checks, Austin does not testify that these were true and correct
copies of the originals, that he tendered them to Countrywide, that he tendered them
timely, that they were not returned for insufficient funds, or that he cured any default
with respect to those that are clearly marked, "RETURNED NOT PAID NSF." (3)
 
Likewise, Austin's affidavit neither authenticates the correspondence nor sets forth
facts constituting evidence of any unlawful conduct. Finally, Austin did not specify
in his response the amount of credits or offsets to which he is allegedly entitled or
provide the Court with any evidence to support a balance different from the one
provided by Countrywide. See Slavin v. Citizens State Bank of Frost, 567 S.W.2d
928, 930 (Tex. Civ. App.--Dallas 1978, no writ) (affirmative defense of payment
was not established where affiant did not provide testimony to support proper
amount of offset or credit).

 Austin argues on appeal that Dawson's and DeLoney's affidavits are
"fabricated" and cannot support the summary judgment in Countrywide's favor. 
Austin waived these objections by failing to object in the trial court and obtain a
ruling from the trial judge. See Tex. R. App. P. 33.1(a).

 Next, relying on article 6627, Austin argues that Washington Mutual's
assignment of the Note to Countrywide is void. While the statute cited by Austin no
longer exists, the Property Code provision that supplanted it, Section 13.001,
provides that a conveyance of real property is void as to a subsequent purchaser for
value without notice of the conveyance, unless the instrument of conveyance is
acknowledged and filed of record. Tex. Prop. Code Ann. § 13.001 (Vernon 2002). 
 The purpose of this statute is to protect innocent purchasers without notice of a prior
transfer from being injured or prejudiced by their ignorance of a competing claim. 
See id.; Prowse v. Walters, 941 S.W.2d 223, 228 (Tex. App.--Corpus Christi 1996,
pet. denied). Because Austin is not seeking to set aside a conveyance made before
his acquisition of the property, this provision is inapplicable.

 Austin also argues that the assignment violates the statute of frauds. Austin,
however, is not a party to the assignment between Washington Mutual and
Countrywide. As a stranger to the assignment, he cannot invoke the protection of
the statute of frauds. Clements v. Withers, 437 S.W.2d 818, 821 (Tex. 1969) (the
statute of frauds does not give third parties the right to interfere with others'
contracts). As such, Austin's reliance on the statute of frauds is also misplaced and
does not preclude summary judgment in favor of Countrywide. (4)

 As part of the first issue presented on appeal, Austin also argues that the trial
court erred in its duty to sign an order on his motion to compel after allegedly
granting the motion. Austin contends that the trial court stated on the record that it
would grant the motion to compel and sign his order overruling Countrywide's
objections. However, the record reflects that the trial court never made any such
representation. 

 To the extent that Austin's point of error can be read as asserting that the trial
court erred in denying his motion to compel, we also disagree. The standard for
review of a discovery order is abuse of discretion. TransAm. Nat. Gas v. Powell, 811
S.W.2d 913, 917 (Tex. 1991). A trial court abuses its discretion when it reaches a
result so arbitrary and unreasonable that it amounts to a clear and prejudicial error
of law. Johnson v. Fourth Ct. of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

 In this case, the record is replete with evidence supporting a denial of Austin's
motion to compel. The record establishes that Countrywide produced over 557
pages of documents in response to Austin's discovery requests. Specifically, the
primary documents that Austin complained about not receiving were attached to
Countrywide's motion for summary judgment. In its discovery responses and on the
record to the court, Countrywide said that it had no more documents responsive to
Austin's requests and, given the expansive nature of Austin's discovery requests, its
objections asserted in response were not unreasonable or abusive. Austin did not
specify what information that he believed that Countrywide had that was responsive
to his requests and had not been disclosed or how this information was relevant to
his claims. Accordingly, there is no error of law that probably caused the rendition
of an improper judgment or probably prevented Austin from properly presenting this
case to this Court. Tex. R. App. P. 44(a). We overrule issues one and three through
seven. 

 Austin's Pleadings for Trespass and Conversion In his second issue on appeal, Austin argues that the trial court erred in not
considering his claims for trespass and conversion. In support of this argument,
Austin asserts that the trial court stated on the record that it would allow these claims
to be made. We disagree.

 A review of the transcript cited by Austin in support of this arguments reflects
that the trial court did not grant Austin leave to amend his pleadings whenever he
chose to do so. To the extent that Austin's point of error can be read as asserting that
the trial court erred in denying his motion for leave to file an amended pleading with
these claims, we also disagree. The standard for review of a denial of leave to amend
is abuse of discretion. Powell, 811 S.W.2d at 917. A trial court abuses its discretion
when it reaches a result so arbitrary and unreasonable that it amounts to a clear and
prejudicial error of law. Johnson, 700 S.W.2d at 917. 

 Once the hearing date for a motion for summary judgment has passed, the
movant must secure a written order granting leave in order to file an amended
pleading. Tex. R. Civ. P. 166a(c); see, e.g., Cherry v. McCall, 138 S.W.3d 35,
42-43 (Tex. App.--San Antonio 2004, pet. denied) (holding trial court did not err
in striking plaintiffs amended pleading where plaintiff did not file amended pleading
until after summary judgment was already granted); Hussong v. Schwan's Sales
Enters., 896 S.W.2d 320, 323 (Tex. App.--Houston [1st Dist.] 1995, no writ)
(holding trial court did not abuse its discretion in refusing to consider summary
judgment pleading filed one month after hearing and before court granted summary
judgment). Unless the record shows that the trial court granted leave to file the
pleading, the appellate court will assume leave was denied. Leinen v. Buffington's
Bayou City Serv., 824 S.W.2d 682, 685 (Tex. App.--Houston [14th Dist.] 1992, no
writ).

 In this case, Austin was on notice of his claims for conversion and trespass at
the very latest on December 9, 2005 when he brought this issue before the trial court. 
On February 27, 2006, Countrywide filed its motion for summary judgment. On
April 28, 2006, the trial court heard that motion. Austin did not file his motion for
leave to amend his complaint until five days later, on May 3, 2006, more than four
months after he had learned of the claims. Given these circumstances, we hold that
the trial court's denial of the motion to leave was not an abuse of discretion, and we
overrule issue two.

Austin's Affirmative Claims

 Finally, Austin argues that the trial court erred in granting summary judgment
on his various claims against Countrywide. Austin argues that his affidavit, the
document entitled "Disputed Facts," the documents purporting to be copies of checks
made out to Countywide, and the copies he submitted of his correspondence with
Countywide create fact issues on all the elements of his claims against Countrywide
and defeat Countrywide's no-evidence motion for summary judgment. In issues
eight and nine, Austin also argues that he has alleged sufficient facts to show that he
is a "consumer" for purposes of bringing a Deceptive Trade Practices Act ("DTPA")
claim. 

 Assuming that Austin has standing to bring a DTPA claim, he has not
presented evidence sufficient to defeat Countrywide's no-evidence motion as to all
of his claims. As shown above, none of the documents submitted by Austin
constitute summary judgment evidence of any unlawful conduct by Countrywide. 
We therefore overrule all of Austin's issues.

Conclusion

 Accordingly, we affirm the trial court's final judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


1. Harbor Financial assigned the Note to Fleet National Bank. Fleet National Bank
subsequently assigned the Note to Fleet Mortgage Corp., which then assigned the
Notice to Washington Mutual Savings and Loan ("Washington Mutual"). Washington
Mutual assigned the Note to Countrywide. The Deed of Trust followed the Note.

2. Austin also initially filed suit against "Trustees" Rex. L. Kessler, Thomas E. Redder,
and Keith Morris. Kessler, Redder, and Morris eventually moved for and received
summary judgment. Austin does not challenge that ruling on appeal.
3. We note that many of the copies of checks are undated or bear illegible dates. Other
checks do not appear to have been forwarded to Countrywide and processed by
Austin's financial institution, as they are marked returned insufficient funds. 

4. On appeal, Austin argues for the first time that, under Section "19.001(a)" of the
Texas Civil Practice and Remedies Code, the "credit transaction" was rescindable.
Contrary to Austin's argument, Section 19.001 provides no basis for rescinding the
Note. See Tex. Civ. Prac. & Rem. Code §19.009 (Vernon 1997). Rather, it provides
one method, which is not exclusive, for supplying a lost deed, bond, bill of sale,
mortgage, deed of trust, power of attorney, or conveyance. Id.