Pat **SLAVIN**, Appellant,

v.

**CITIZENS STATE BANK OF FROST,**
**Texas, Appellee.**

**No. 19561.**

Court of Civil Appeals of Texas, Dallas.

June 23, 1978.

Nathan Allen, Jr., Allen & Clements, Dallas, for appellant.

Bill Walls, Roberts, Walls & Boydston, Dallas, for appellee.

AKIN, Justice.

Citizens State Bank sued Pat Slavin to recover judgment on a promissory note. A motion for summary judgment[1] filed by Citizens was granted and from this judgment Slavin appeals. Because we hold that the bank has sustained its burden of proof and because appellant has failed to support his affirmative defense of offset by proper summary-judgment evidence, we affirm the judgment.

█ Slavin first argues that it was error for the trial court to grant appellee's motion for summary judgment because the bank failed to establish by competent summary-judgment proof a right to recover as a matter of law where it failed to attach a certified copy of the promissory note. Attached to the bank's motion was the affidavit of Ted Green, its president, reciting that a certified copy of the note was attached to the bank's first amended original petition. In fact, no certified copy of the note was attached to the amended petition, but one was attached to Green's affidavit. Slavin argues that since Green's affidavit referred to a document that did not exist, the bank failed in its proof to show that it was the owner and holder of *any* promissory note. Although Slavin made no objections in the trial court to the sufficiency of the summary-judgment proof, he now asserts that no objection was necessary on this ground in order to preserve his right to complain of this defect on appeal. He recognizes the rule in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1963), and in *Jones v. McSpedden,* 560 S.W.2d 177 (Tex. Civ.App.—Dallas 1978, no writ), to the effect that the failure to object at trial to defects of form waives the right to assert those matters as error on appeal, but now argues that they are not applicable. In this respect, he contends that those cases presuppose that an affidavit refers to an *existing* document but simply fails to comply with Tex.R.Civ.Proc. Rule 166-A. Thus, he urges that since here the affidavit refers to a document which does not exist, it was not necessary to object in the trial court. We cannot agree. A certified copy of the note was before the trial court, and is before us, although it was correctly attached to the affidavit rather than the petition as the bank alleged. This was a defect of form which could have been cured at trial if Slavin had pointed it out to the trial court. Since he failed to object to this defect in form in the trial court, we hold that he has waived his right to assert this point on appeal. *Youngstown Sheet & Tube Co. v. Penn, supra* ; *Jones v. McSpedden, supra.*

---

1. Summary judgment was granted prior to the effective date of the amendments to rule 166A which became effective on January 1, 1978.

We also note that counsel for appellant on this appeal was not appellant's counsel in the trial court.

Slavin next argues that the trial court erred in granting summary judgment because his affidavit in opposition to the motion for summary judgment raised a fact issue as to whether offsets, credits and payments made to the bank were credited to the note. The bank's affidavit recited that all just and legal offsets, credits and payments had been allowed. Slavin failed to plead payment in any form but in his affidavit he states that all legal offsets, credits and payments had not been allowed. Although his affidavit does state that when the loan was made it was agreed that proceeds from the sale of cattle by his agent would be applied as partial payment to the balance due on the note and that such proceeds were in fact paid over to the bank, the amounts of any such payments were not shown. A plea of payment is an affirmative defense and, consequently, in order for appellant to avoid summary judgment, it was necessary that his affidavit present summary-judgment evidence on all of the elements necessary to his affirmative defense. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1973); *Newsom v. Starkey*, 541 S.W.2d 468 (Tex. Civ.App.—Dallas 1976, writ ref'd n. r. e.). Slavin has failed to present evidence on every element of his affirmative defense since his affidavit does not recite the amount of credit that should have been given. Thus, his affidavit is no more than a conclusion and does not establish his right to any credits on the note. To be effective, his affidavit should have gone further and stated what the credits and offsets were. Tex.R.Civ.P. 95 provides that where a defendant desires to prove payment, he must file an account stating distinctly the nature of the payment along with his answer. In *Harrison v. Leasing Associates, Inc.*, 454 S.W.2d 808 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ), that court stated that a plea of payment must specify what the credits and offsets were. Accordingly, we hold that a necessary element of Slavin's affirmative defense of partial payment is lacking. *Seale v. Nichols, supra; "Moore" Burger, Inc. v. Phillips Petroleum Co., supra.*

Neither is the rule in *Womack v. Allstate Insurance Co.*, 156 Tex. 467, 296 S.W.2d 233 (1957), helpful to Slavin. In *Womack* the supreme court held that the failure to plead a defense is not fatal if the summary-judgment evidence establishes facts which if true would establish a defense. In *Womack*, the affidavit raising the defense contained all of the elements of that defense. The rule in *"Moore" Burger, Inc.* and *Seale* still requires appellant's affidavit to show by summary-judgment evidence all the elements necessary to his affirmative defense. Here, Slavin did not plead payment. His affidavit avers that he had made payments but does not set forth summary-judgment evidence raising all the elements necessary to establish his affirmative defense of payment in that no amount is set forth. Accordingly, we hold that he failed to establish his affirmative defense.

Our holding is supported by *Smith v. Crockett Production Credit Association*, 372 S.W.2d 956 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.), a similar case factually. In that case, plaintiff sued two defendants on a promissory note. Neither defendant pleaded payment but an affidavit of one of the defendants recited that "the plaintiff had not given this defendant credit for all the offsets and payments that had been made." Plaintiff's motion for summary judgment was granted and on appeal defendants argued that there was a fact issue as to whether all payments that were made had been credited. The court of civil appeals affirmed the granting of the summary judgment. Although that court recognized the *Womack* rule, it held that appellant's affidavit stating that all offsets and credits had not been allowed was but a conclusion and that it should have gone further and specified what the credits and offsets were. Similarly, Slavin's affidavit should also have stated more fully what the credits and offsets were. In the absence of an averment of the amount of the offset claimed, the affidavit does not raise all the necessary elements of the plea of payment and thus fails to sustain his burden of proof

on his affirmative defense. Accordingly, we affirm.

GUITTARD, C. J., not sitting.