James G. CASEY, M.D., Appellant,

v.

UNITED STATES LEASING
CORP., Appellee.

No. 19603.

Court of Civil Appeals of Texas,
Dallas.

Sept. 26, 1978.

John W. Weeks, Robinson, Hanna, Burke, Moore & Holloway, Inc., Abilene, for appellant.

Tom D. Matthews, Matthews, Matthews & Madrid, Dallas, for appellee.

ROBERTSON, Justice.

Appellee, United States Leasing Corp., sued appellant, James G. Casey, for rent due under a contract to lease copying equipment. A motion for summary judgment was filed pursuant to Rule 166–A Tex.R. Civ.P., as amended, by appellee and judgment was rendered in its favor. Since appellant has failed to support his affirmative defense of payment by proper summary-judgment proof, we affirm.

■ In his affidavit opposing the motion for summary judgment, appellant states: "I do not feel that all offsets, credits and allowances have been allowed." He contends that this is sufficient to raise a fact issue as to whether any offsets, credits and payments were credited to the contract, and thus, the trial court erred in granting a summary judgment. Appellee's affidavit recited that all offsets, credits and payments had been credited. The allegation in appellant's affidavit is merely conclusory and does not raise a material issue of fact. *Smith v. Crockett Production Credit Association,* 372 S.W.2d 956 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.); *Slavin v. Citizens State Bank of Frost,* 567 S.W.2d 928 (Tex.Civ.App.—Dallas 1978, no writ). A plea of payment is an affirmative defense and appellant's affidavit must present evidence on all of the elements necessary to such defense to avoid summary judgment. *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.1973). Since his affidavit does not specify the amount of credit that should have been allowed, appellant has failed to present proof on every element of his affirmative defense. *Slavin v. Citizens State Bank of Frost, supra; Harrison v. Leasing Associates, Inc.,* 454 S.W.2d 808 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

■ On appeal, appellant asserts for the first time that he is entitled to a prepayment credit of $44.76, computed under section three of the default clause of the contract sued upon. This section allows a prepayment credit equal to the product of the number of months remaining on the lease (30), multiplied by the total rent not yet due ($746.10), multiplied by two tenths of one percent (.2%), for a total of $44.76, and according to appellant, appellee's own proof demonstrates this. Attached to the appellee's petition and affidavit supporting the motion for summary judgment are statements of account with the following itemized list of charges: original amount contracted for, $1,492.20, less payments received to date, $766.11; plus the reversionary value of the property as stipulated in the lease, $149.22; plus accrued late charges, $12.50; less amount realized from the sale of equipment, $275.63. The total amount due is $612.18. These statements on their face are mathematically correct. To challenge them, appellant must enumerate in the trial court the specific amount of credit or offset, and the reason therefor, in his answer or affidavit opposing the motion for summary judgment. Tex.R.Civ.P. 166–A(c). Under this amended rule, issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. Consequently, no reversible error is shown.

Accordingly, we affirm.