**C.W. ROBERTS, Appellant**

v.

**Ronda K. ROPER, Appellee.**

**No. 05–09–01311–CV.**

Court of Appeals of Texas, Dallas.

July 11, 2012.

---

Dennis Michael Saumier, Saumier Law Firm, Dallas, TX, for Appellant.

Stephen L. Baskind, Kleiman Lawrence Baskind Fitzgerald, LLP, Dallas, TX, for Appellee.

Before Justices MOSELEY, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MOSELEY.

C.W. Roberts appeals the trial court's summary judgment against him in this suit by Ronda K. Roper to recover on a promissory note. Roberts argues the trial court erred by rendering summary judgment for Roper, awarding attorney's fees as stipulated in the note, and denying his motion for new trial based on newly discovered evidence. We conclude Roper established she was entitled to judgment as a matter of law on the promissory note and that Roberts failed to raise a genuine issue of material fact on any element of Roper's claim or on all the elements of any of his affirmative defenses. We also conclude the trial court did not abuse its discretion in denying the motion for new trial. Accordingly, we affirm the trial court's judgment.

## Background

Roberts signed a $50,000 promissory note payable to Roper and due on January 3, 2008. As security for repayment of the note, Roberts pledged his three percent membership interest in Your Town Yellow Pages, L.L.C. (YTYP). As part of the transaction, Roper assigned two certificates of deposit in the amount of $25,000 each (the CDs) to City Bank Texas to be held as collateral for an $800,000 loan City

Bank made to Clear Fork Joint Venture, in which Roberts was a partner. The assignment of certificate of deposit agreement granted City Bank a security interest in the CDs to secure repayment of the $800,000 note and any other indebtedness owed by Roper to City Bank.[1] City Bank made the $800,000 loan to Clear Fork Joint Venture on January 3, 2007.

Roberts did not pay the principal or interest on the note when it matured. After attempting to foreclose on the three percent membership interest securing the note, Roper filed this suit to collect on the note. Roper moved for summary judgment on her claim. Her affidavit stated she is the owner and holder of the note, she has never assigned or transferred her interest in the note, and true and correct copies of the note, the pledge agreement, and the assignment agreement with City Bank were attached to the affidavit. Roper also stated that Roberts signed the note and pledge agreement, that he failed to make any payments on the note even after demand, and that Roper did not obtain the collateral for the note and received nothing of value from the collateral. After allowing all just and lawful offsets, payments, and credits, the entire principal balance of $50,000 plus interest was due and owing. Roper also stated she was notified in May 2008 that City Bank had offset against her CDs. Roper's attorney signed an affidavit stating Roper agreed to pay him a one-third contingency fee and that, based on the work performed and the factors set forth in the disciplinary rules of professional conduct, the reasonable and necessary attorney's fees for representing Rop-

---

1. The agreement provided: "The security interest is additionally created to secure the performance of all obligations and the payment of all indebtedness of [Roper] or [Clear Fork Joint Venture] or both owed to [City Bank], direct or indirect, now existing or hereafter arising, ... whenever or however created or incurred by [Roper] or [Clear Fork Joint Venture] or both, including, without limitation, the indebtedness evidenced by the [$800,000] Note ("Indebtedness")."

er through the hearing on the motion for summary judgment would be $10,000.

The motion was set for hearing on May 18, 2009. On May 11, 2009, Roberts filed a motion for continuance and response to the motion for summary judgment. At the same time, he filed an amended answer raising the affirmative defenses of estoppel, release, failure of consideration, waiver, and payment. He also filed a counterclaim alleging mutual mistake, breach of the promissory note by Roper, fraud, and conspiracy. Roberts's response to the motion for summary judgment included his affidavit and that of his attorney. Roberts opposed the summary judgment on the basis of his belief that Roper was owed nothing on note because John Woodall, a mutual business associate, had "taken care" of her with regard to the CDs. He also stated Roper had sent him e-mails claiming to have foreclosed on the three percent membership interest in YTYP and asking him to send her recognition of her interest. Roberts contended he needed the continuance to obtain additional evidence necessary to support his opposition to Roper's motion for summary judgment.

Roberts's attorney stated in his affidavit that he served written discovery to Roper with the response and needed a continuance to obtain responses to that discovery. Roberts's attorney objected to the award of attorney's fees because Roper's attorney did not state the rate or the number of hours worked to arrive at his opinion of reasonable and necessary attorney's fees.

The trial court reset the hearing to August 6, 2009, but Roberts did not file any additional summary judgment evidence. On August 6, 2009, the trial court granted Roper's motion for summary judgment and rendered judgment for her against

Roberts for the principal amount of the note plus interest and $10,000 in attorney's fees.

Roberts filed a motion for new trial claiming, based on a newly discovered letter from City Bank to Roper's attorney, that Roper and her attorney had mislead the court about whether a balance was due on the note. Roberts asserted the letter was evidence the CDs had been returned to Roper to pay another debt she owed to City Bank. Roper responded to the motion for new trial and attached an affidavit of her counsel stating that Roberts misconstrued the terms and effects of the letter, that his counsel had obtained the letter long before the summary judgment hearing but had not included it in any response to the motion, and the letter did not raise a material question of fact or warrant a new trial. The trial court denied the motion for new trial.

### Standard of Review

■■■ The summary judgment states, "This judgment is final, it disposes of all claims of all parties, and it is appealable. Any relief requested by any party is hereby denied." This is a final appealable judgment and we have jurisdiction over this appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex.2001). If the trial court's intent to finally dispose of the case is clear from the order, the order is final and appealable even if the record does not afford a legal basis for the adjudication; such a "judgment is final-erroneous, but final." *Lehmann*, 39 S.W.3d at 200, 204. But such errors are waived if not presented by proper assignment of error in the appellate court. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (per curiam).[2]

---

2. Roberts does not raise an issue on appeal arguing the trial court erred by granting summary judgment on his counterclaims, which were not addressed in Roper's motion for

We review a trial court's summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). We apply the well-established standards for reviewing summary judgments. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also* Tex.R. Civ. P. 166a. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex.App.-Dallas 2006, no pet.). A party relying on an affirmative defense to defeat a motion for summary judgment must raise a genuine issue of fact as to each element of the defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex.App.-Dallas 1997, pet. denied).

**Discussion**

To recover on a promissory note, the plaintiff must prove: (1) the note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. *See Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 237 (Tex.App.-Dallas 2011, pet. denied); *Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex.App.-Dallas 1994, no writ).

**A. Balance Due and Owing**

Roberts's first issue argues there was a genuine issue of fact as to the fourth element-that a certain balance was due and owing on the note. He also argues a genuine issue of fact was raised on the elements of his payment affirmative defense.

The summary judgment evidence established that Roberts did not pay the note when it matured, that he made no payments on the note, and that Roper did not receive any value for the three percent membership interest pledged as security for Roberts's note. Roper stated in her affidavit that the balance due and owing on the note after all offsets and payments was $50,000 principal plus interest. We conclude Roper met her burden to establish the fourth element of her cause of action on the note.

Roberts asserts Roper was paid in full on the note by John Woodall. Roberts stated in his affidavit that Woodall told Roberts before the note matured that he would take care of Roper's $50,000 and later "made it very clear that Ronda was taken care of with regard to the CD." Roberts also stated that Woodall presented him with a spreadsheet[3] of debts owed by Roberts that included the $50,000 from Roper's CDs.

In essence, Roberts is arguing Woodall owns the note, not Roper. However, the note is not endorsed to Woodall and Roper testified she never transferred or assigned

---

summary judgment. Therefore, he has waived that issue. *See Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex.2007) (per curiam) (appellant who does not assert error as to summary judgment against some of his claims waives error as to them and court of appeals erred by reversing summary judgment on those claims); *San Jacinto River Auth. v.*

*Duke*, 783 S.W.2d 209, 210 (Tex.1990) (per curiam) (holding a court of appeals may not reverse a trial court's judgment in the absence of properly assigned error).

3. This spreadsheet appears to be a summary of several debts owed by Roberts, including two $50,000 debts dated January 3, 2007.

her interest in the note. Thus, Roberts's affidavit does not raise a genuine issue of material fact because Roper was the holder of the note and entitled to enforce it. *See* TEX. BUS. & COM.CODE ANN. § 1.202(b)(21) ("Holder" means the person in possession of a negotiable instrument that is payable either to bearer or to an identified person who is in possession); *id.* § 3.301 (" 'Person entitled to enforce' an instrument means (i) the holder of the instrument. . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.").

■■■ Moreover, payment is an affirmative defense and the defendant has the burden to present evidence to raise a genuine issue of material fact on each element of the affirmative defense. *See Slavin v. Citizens State Bank of Frost*, 567 S.W.2d 928, 930 (Tex.Civ.App.-Dallas 1978, no writ); *see also* TEX.R. CIV. P. 95 (a defendant asserting payment "shall file an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same").

■■■ A plea of payment does not raise an issue of fact without evidence of the amounts of the offsets or credits claimed by the debtor. *See Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 73–74 (Tex. App.-Houston [1st Dist.] 2008, pet. denied) (debtor failed to raise fact issue as to payment defense where his response did not specify amount of credits or offsets to which he was allegedly entitled); *Slavin*, 567 S.W.2d at 930. In *Slavin*, the debtor denied he had been given all lawful credits and payments on the note, but did not show the amounts of those credits and payments. *See Slavin*, 567 S.W.2d at 930. Although the debtor's affidavit stated "that proceeds from the sale of cattle by his

agent would be applied as partial payment to the balance due on the note and that such proceeds were in fact paid over to the bank, the amounts of any such payments were not shown." *Id.* Because a plea of payment must specify what the credits and payments were, the debtor failed to meet his burden to raise an issue of fact on the elements of his payment affirmative defense. *See id.*

Here, Roberts also failed to specify the amount of the payments or offsets he claimed. He contends Roper was paid by foreclosing on the collateral, but he presented no summary judgment evidence as to the amount of the offsets or credits he was entitled to for the value of the three percent membership interest in YTYP. We conclude Roberts failed to present summary judgment evidence raising a genuine issue of fact on all elements of the payment affirmative defense.

We overrule Roberts's first issue.

**B. Attorney's Fees**

■■■ In his second issue, Roberts contends the trial court erred by awarding $10,000 as attorney's fees to Roper. In general, a party may recover attorney's fees from the opposing party only if provided for by statute or by contract between the parties. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996); *Arthur's Garage, Inc. v. Racal–Chubb Sec. Sys., Inc.*, 997 S.W.2d 803, 817 (Tex.App.-Dallas 1999, no pet.). An attorney's affidavit can establish reasonable attorney's fees on a motion for summary judgment. *Am. 10–Minute Oil Change, Inc. v. Metro. Nat. Bank*, 783 S.W.2d 598, 602 (Tex.App.-Dallas 1989, no writ). The non-movant may raise a fact issue as to attorney's fees by filing an affidavit of an attorney contesting the reasonableness of the movant's attorney's affidavit. *Id.*

The note provides that in the event of default in payment, "Borrower agrees and promises to pay all attorney's fees of Lender incurred in connection with collection and enforcement efforts hereunder." Roper's attorney, Stephen Baskind, submitted his affidavit as to attorney's fees. He described his legal experience, his familiarity with reasonable and necessary fees charged by attorneys in Dallas in similar cases, the work he had performed for Roper, that his services were necessary, and the time spent performing those services was reasonable and necessary. He stated Roper had agreed to pay attorney's fees on a one-third contingency basis and that when charging on an hourly basis, he charged between $200.00 and $350.00 per hour. Based on those facts and "the factors set forth in Texas Disciplinary Rules of Professional Conduct, Rule 1.04(b), it is [his] opinion that a fair, traditional, customary, necessary, and reasonable fee for representing Roper through the hearing on her Motion for Summary Judgment would be $10,000.00."

Roberts objected to the award of attorney's fees and submitted the affidavit of his attorney, Dennis Saumier, in response. The affidavit stated

> Baskind first stated that he took the case on a contingency basis, but then gave a dollar range of $200.00 to $350.00 per hour for legal services. Mr. Baskind did not state at what rate he calculated his fees in this case or how many hours he worked on this case. Additionally, based upon the evidence presented in this response and the evidence that should still be obtained through discovery, Plaintiff [sic] alleges and has supporting evidence that Plaintiff, John Woodall, and/or James Shukis conspired to receive an[ ] extra $50,000.00 plus interest from Defendant. If Defendant is able to meet his burden of proof, then the award of attorney's fees in summary

judgment is premature. Based upon the foregoing, Mr. Baskind's affidavit is insufficient to show the fees he is requesting are reasonable and necessary.

We conclude Baskind's affidavit is sufficient to support the amount of reasonable attorney's fees. *See Texas Commerce Bank v. New,* 3 S.W.3d 515, 517–18 (Tex. 1999) (per curiam) (attorney's affidavit was sufficient where attorney detailed the services rendered, stated he was familiar with usual and customary attorneys' fees in locality, and a specific amount was a reasonable fee).

We also conclude Roberts did not contest the reasonableness of the attorney's fees stated in Baskind's affidavit. Saumier's affidavit does not contest the reasonableness of the $10,000 fee. Indeed, it indicates the award is premature and that additional fees will be necessary to respond to Roberts's discovery requests and newly raised defenses. Roberts argues Baskind's affidavit does not meet the requirements set out in *Arthur Andersen & Co. v. Perry Equipment Corp.,* 945 S.W.2d 812, 818 (Tex.1997). *Arthur Andersen* was a DTPA case where the plaintiff sought to recover attorney's fees as a percentage of the recovery. *Id.* The supreme court concluded that to recover attorney's fees under the DTPA, the plaintiff must present evidence of the specific factors listed in rule 1.04 of the disciplinary rules of professional conduct and of a specific amount of fees rather than a percentage of recovery. *See Id.; Brazos Elec. Power Co-op., Inc. v. Weber,* 238 S.W.3d 582, 587 (Tex.App.-Dallas 2007, no pet.).

Here, Roberts expressly agreed to pay *all* of Roper's attorney's fees if the note was collected through an attorney. Roper presented expert testimony of a specific amount of fees, less than the amount of the contingency, and that the amount was rea-

sonable and necessary considering the factors listed in rule 1.04. Although Saumier's affidavit objected to that testimony, the affidavit did not controvert the expert opinion that $10,000 was a reasonable and necessary attorney's fee in this case.[4]

We overrule Roberts's second issue.

## C. Motion for New Trial

▇ In his third issue,[5] Roberts argues the trial court abused its discretion by denying his motion for new trial based on newly discovered evidence.

▇ A party seeking a new trial based on newly discovered evidence must show the trial court that (1) the party did not discover the evidence until after trial; (2) the failure to discover the evidence was not due to lack of diligence; (3) the evidence is not cumulative or merely for impeachment; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 720–21 (Tex.2003). We review the trial court's ruling on a motion for new trial for an abuse of discretion. *MRT, Inc. v. Vounckx*, 299 S.W.3d 500, 511–12 (Tex. App.-Dallas 2009, no pet.).

The evidence attached to the motion for new trial was a June 23, 2008 letter from the attorneys for City Bank to Roper's attorney. The letter addresses the bank's exercise of its rights of set off against Roper's accounts, including the CDs, to satisfy the amounts due under a March 17, 2008 promissory note executed by Roper to City Bank. Roberts asserted this letter was evidence the CDs were returned to Roper and proved that Roper's statement in her affidavit she received nothing for the CDs was false. Roper presented evidence to the trial court that the letter had been produced to Roberts three weeks before the summary judgment hearing and Roberts failed to include it in a response to the motion for summary judgment.

The promissory note in this case is an absolute obligation to pay the principal and interest on a date certain; it is not contingent on the loss or return of the CDs. The note provides it is the final agreement between the parties, it may not be contradicted by prior, contemporaneous, or subsequent oral agreements, and there are no unwritten oral agreements between the parties. The consideration for the note was the assignment of the CDs to the Bank as security for the $800,000 loan to Clear Fork Joint Venture. Roberts admitted the Bank required the assignment of the CDs as collateral for the loan to his partnership and that the Bank made the loan to the partnership.

---

**4.** Roberts cites *Lesikar v. Rappeport*, 33 S.W.3d 282 (Tex. App.-Texarkana 2000, pet. denied) for the proposition that an attorney expert must testify that the attorney's *fees* were necessary, not that the attorney's *services* were necessary. The *Lesikar* opinion does not support this proposition, but in any event, the decision is distinguishable. In *Lesikar*, the plaintiff sought to recover attorney's fees incurred in a prior proceeding to correct wrongful actions by the defendants as damages in the later suit for breach of fiduciary duty and fraud. *Id.* at 306. The plaintiff did not, however, offer any expert testimony that those prior attorney's fees were reasonable and necessary and on that basis the court of appeals concluded the evidence was insufficient to support the award of those damages. *See id.* at 307–08. The court explained it was not deciding whether the plaintiff's lay testimony was relevant because without expert testimony there was insufficient evidence of reasonable and necessary attorney's fees. *Id.*

**5.** The third issue makes several arguments on appeal that were not raised in the motion for new trial. These arguments are not preserved for appeal. *See* TEX.R.APP. P. 33.1.

What happened to the CDs after the note was made is not material to Roberts's liability on the note. Roberts was obligated to pay the principal and interest due at maturity regardless of whether the CDs remained as security for the Clear Fork loan. Furthermore, under the terms of the assignment of the CDs, the CDs served as security for any debt Roper might owe to City Bank; Roberts cannot complain—and it is no defense to his liability on the note—if the CDs were offset to pay a debt other than the $800,000 Clear Fork loan. The trial court could have reasonably concluded the letter was not material to the case. Therefore, the trial court did not abuse its discretion by denying the motion for new trial.

We overrule Roberts's third issue.

We deny Roper's request for sanctions against Roberts. *See* Tex.R.App. P. 45.

## Conclusion

We conclude the trial court did not err by granting the motion for summary judgment or by denying the motion for new trial. Accordingly, we affirm the trial court's judgment.