**Affirmed and Opinion Filed April 7, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01595-CV

**JUANITA GAROFALO, Appellant**
**V.**
**DALLAS AREA RAPID TRANSIT, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-03116-E**

# MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Appellant Juanita Garofalo, pro se below and on appeal, sued appellee Dallas Area Rapid Transit in justice court for property damage her pick-up truck suffered in a collision with a DART bus. The justice court rendered a take-nothing judgment, and Garofalo appealed to the county court at law. After a de novo bench trial, the county court rendered a take-nothing judgment. Garofalo raises three appellate points of error. In her first two points, she complains that the county court erred by discounting certain evidence at trial and by denying her new-trial motion. In her third point, she contends the justice court erred by denying her motion for reinstatement. We affirm.

*Reinstatement of Justice Court Case*

We address Garofalo's third point of error first. She asserts that the justice court rendered judgment against her because she failed to appear at trial, and that the justice court erred by not granting her motion for reinstatement. We conclude that Garofalo's third point of error is moot because she was given a trial de novo by the county court at law. *See Stevenson v. Hous. Auth. of City of Austin*, 385 S.W.3d 684, 687 (Tex. App.—El Paso 2012, no pet.) (complaint that justice court denied appellant due process was mooted by de novo trial in county court); *Coleman v. Bank of Am., Nat'l Ass'n*, No. 06-11-00105-CV, 2012 WL 1940674, at *1 (Tex. App.—Texarkana May 30, 2012, no pet.) (complaints about justice-court default judgment were mooted by de novo trial in county court). Accordingly, we overrule Garofalo's third point of error.

*Refusal to Consider Evidence at Trial*

Garofalo's first point of error asserts that the county court erred by allegedly refusing to consider certain evidence that she presented at trial. Although she cites two federal regulations that purportedly require drug testing of mass-transit employees after certain kinds of accidents, she does not explain their relevance to her point of error, and she cites no other authorities in support of her first point of error. Nor does she support her first point of error with a cogent argument demonstrating error. We conclude her first point of error is inadequately briefed and therefore overrule it. *See* TEX. R. APP. P. 38.1(i); *Garofalo v. Check Into Cash of Tex., LLC*, No. 05-12-01193-CV, 2013 WL 3874537, at *2 (Tex. App.—Dallas July 24, 2013, pet. denied) (mem. op.) (rejecting points of error as inadequately briefed); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895–96 (Tex. App.—Dallas 2010, no pet.) (explaining the requirements of Texas Rule of Appellate Procedure 38.1).

*Denial of Motion for New Trial Based on New Evidence*

Garofalo's second point of error asserts that the county court erred by denying her new-trial motion. We review this ruling for abuse of discretion. *Roberts v. Roper*, 373 S.W.3d 227, 235 (Tex. App.—Dallas 2012, no pet.). Garofalo argues that she was entitled to a new trial to present new evidence—a recorded statement by a witness who did not appear at trial. A party seeking a new trial based on newly discovered evidence must show that (i) she did not discover the evidence until after the trial, (ii) her failure to discover the evidence was not due to lack of diligence, (iii) the evidence is not cumulative or merely for impeachment, and (iv) the evidence is so material that it would probably produce a different result if a new trial were granted. *Id*. Garofalo presents no argument that she satisfied the first two of these elements. We see nothing in the record indicating that she satisfied those requirements. We hold that the trial court did not abuse its discretion by denying Garofalo's new-trial motion, so we overrule her second point of error.

We affirm the trial court's judgment.

131595F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUANITA GAROFALO, Appellant

No. 05-13-01595-CV     V.

DALLAS AREA RAPID TRANSIT,
Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-13-03116-E.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee DALLAS AREA RAPID TRANSIT recover its costs of this appeal from appellant JUANITA GAROFALO.

Judgment entered April 7, 2015.