**Affirmed and Memorandum Opinion filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00624-CV

---

### WILMA REYNOLDS, Appellant

### V.

### DAVID  REYNOLDS, Appellee

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 48170-D**

---

## M E M O R A N D U M   O P I N I O N

Appellant Wilma Reynolds filed a petition to enforce the property division contained in the divorce decree ending her marriage to appellee David Reynolds. Wilma alleged that she had not received her fifty percent share of David's 2008 estimated income from Quantlab Incentive Partners I, LLC (QIP) as required by the divorce decree.  Wilma asked the court to order David to produce various QIP financial records, to liquidate her share of the 2008 QIP income award, and to

order David to pay that amount by a date certain.

David filed a motion for summary judgment arguing, among other things, that he was entitled to a final judgment on Wilma's petition for enforcement because he conclusively proved that he had complied with his obligation under the divorce decree. The trial court granted David's motion, and after he non-suited his request for sanctions, the trial court signed a final judgment.

In her first issue, Wilma contends that the trial court abused its discretion when it denied her motion to compel David to produce QIP financial records. We overrule this issue because a trial court does not abuse its discretion when it refuses to compel a litigant to produce financial records containing information found in other documents that already have been produced in discovery. Wilma asserts in her second issue that the trial court erred when it granted David's motion for summary judgment. We overrule this issue because David's summary judgment evidence conclusively proved David's entitlement to judgment as a matter of law. Wilma argues in her final issue that there is insufficient evidence to support the findings of fact contained in the final judgment. We overrule this issue because the trial court did not include findings of fact in the final judgment. We therefore affirm the trial court's final judgment.

## BACKGROUND

David petitioned for divorce from Wilma in 2008. *Reynolds v. Reynolds*, No. 14-09-00720-CV, 2010 WL 3418209, at * 1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, pet. denied). David is employed by QuantLab Financial, LLC. *Id.* David also participates with his employer in two entities, QuantLab Trading Partners US, LLP (QTP) and QIP. *Id.* In addition to his income from Quantlab and QTP, David receives income from QIP. *Id.* David is a limited partner in QIP. In the 2009 judgment dividing the marital estate, the trial court, in addition to

2

awarding Wilma $3,220,874.74 and other property, awarded Wilma "50 percent of the year 2008 Estimated Income from [QIP] after taxes are paid on the income." *Id.* at *2. The divorce decree, however, awarded David the marital estate's entire ownership interest in QIP.

In March 2010, Wilma filed a Petition for Enforcement of Property Division by Contempt. At the time the trial court granted David's motion for summary judgment, Wilma's live pleading was her Third Amended Petition for Enforcement of Property Division by Contempt. In that petition, Wilma alleged that she had not yet received her 50 percent share of the 2008 Estimated Income from QIP. Wilma went on to allege that David violated the 2009 divorce decree in two ways: (1) by not turning over her share of the 2008 Estimated Income from QIP; and (2) by not turning over to her "certain necessary documentation to verify the amount of his 2008 earned income from QIP." Wilma asked the trial court to hold David in contempt, place him in jail, and assess a fine against him. Wilma also asked for an order: (1) directing David to produce all documents necessary to verify his "2008 earned income from QIP;" (2) liquidating Wilma's 2008 QIP income award and "reduce it to a money judgment against David;" and (3) directing David to pay that liquidated amount by a specified date and time. Finally, Wilma asked the trial court to order David to pay her reasonable attorney's fees incurred in prosecuting her petition.

David filed an answer asserting numerous affirmative defenses, including payment. David also sought sanctions against both Wilma and her attorney pursuant to Chapter 10 of the Civil Practice and Remedies Code.

On September 16, 2010, David mailed Wilma a copy of the QIP check he received as payment of his 2008 income, as well as a personal check payable to Wilma for her fifty percent share of that payment. Wilma never accepted delivery

3

of the check. David's attorney later mailed the check to Wilma's attorney. Wilma's attorney returned the check. After twice refusing delivery of the check, Wilma asked the trial court to order David to deposit the funds into the registry of the trial court. The court subsequently signed the requested order, and David deposited $123,244.80 into the registry of the court.

During the course of the litigation, Wilma served discovery on David seeking production of various QIP 2008 financial documents. David lodged objections to each request. Wilma moved to compel David to produce the requested documents. The trial court denied Wilma's motion to compel and sustained each of the objections David had lodged to the discovery.

David then filed a hybrid motion for traditional and no-evidence summary judgment, arguing he was entitled to judgment as a matter of law on Wilma's enforcement action. In the traditional part of his motion, David contended, among other things, that he was entitled to judgment because the summary-judgment evidence conclusively proved that he had complied with his obligation under the divorce decree. David attached as evidence copies of the check he received from QIP and the check he wrote to Wilma for one-half of that amount. David also attached the letter his attorney wrote when she forwarded the check to Wilma's attorney, as well as the letter Wilma's attorney wrote explaining that Wilma was returning the check. The trial court granted the motion and signed an order stating "Respondent's Motion for Summary Judgment and Sanctions is hereby GRANTED."

Wilma, believing David had asserted counterclaims and therefore unsure of the finality of the order, asked the trial court "to either include more explicit finality language in the summary judgment order or otherwise proceed with trial" on any remaining claims. *See In re Reynolds*, No. 14-14-00329-CV, 2014 WL

4

3002429, at *3 (Tex. App.—Houston [14th Dist.] July 1, 2014, orig. proceeding). The trial court refused. Wilma then filed a petition for writ of mandamus. This Court agreed with Wilma that David's request for sanctions remained pending, making the order granting his summary judgment interlocutory. *Id.* at *6. We then instructed "the trial court to sign within a reasonable time an order rendering a final judgment or otherwise disposing of the pending request for sanctions." *Id.* David subsequently non-suited his request for sanctions, and the trial court signed a Final Order Granting Motion for Summary Judgment. This appeal followed.

ANALYSIS

**I.      The trial court did not abuse its discretion when it denied Wilma's motion to compel.**

Wilma argues in her first issue that the trial court abused its discretion when it denied her motion to compel discovery of financial information that she contends was necessary to verify the value of her half of David's 2008 QIP income. In her request for production, Wilma specifically requested the production of (1) "any and all 2008 [QIP] audited financial statements;" (2) "the 2008 [QIP] Federal Partnership Return of Income, Form 1065;" and (3) "any and all documents that evidence your 2008 [QIP] income that was earned, received, or deferred." David lodged objections to each request, including that the requests were unreasonably cumulative and duplicative. In addition, in response to the third request and subject to his objections, David pointed to responsive documents that previously had been produced in the course of this long-running multi-case dispute,[1] including

---

[1] Discovery of the same financial documents was also an issue in the following proceedings: (1) *Reynolds v. Reynolds*, No. 14-14-00080-CV, 2015 WL 4504626 (Tex. App.—Houston [14th Dist.] July 23, 2015, no pet.) (mem. op.); (2) *In re Wilma Reynolds*, No. 14-14-00423-CV, 2014 WL 2531965 (Tex. App.—Houston [14th Dist.] June 3, 2014, orig. proceeding) (per curiam) (mem. op.); (3) *In re Wilma Reynolds*, No. 14-13-00924-CV, 2013 WL 6569915 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, orig. proceeding) (per curiam) (mem. op.); (4) *In re Wilma Reynolds*, No. 14-13-00871-CV, 2013 WL 5676201 (Tex. App.—Houston [14th

5

his 2008 QIP Schedule K-1 filed with the Internal Revenue Service and a copy of the September 9, 2010 distribution check he received from QIP. Wilma moved to compel David to produce the requested documents. The trial court denied Wilma's motion to compel and also sustained all of the objections David had lodged to the discovery.

## A. Standard of review

We review a trial court's order denying a motion to compel discovery for an abuse of discretion. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009); *Elmgren v. INEOS USA, LLC*, 431 S.W.3d 657, 672 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). Trial courts have broad discretion in matters of discovery. *Elmgren*, 431 S.W.3d at 672. "A trial court abuses its discretion if it misinterprets or misapplies the law or acts arbitrarily or unreasonably." *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 69 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). To establish that the trial court abused its discretion when it denied her motion to compel, Wilma must demonstrate that none of David's objections support the trial court's action. *Hernandez v. Abraham, Watkins, Nichols, Sorrels & Friend*, 451 S.W.3d 58, 66 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

## B. The trial court reasonably could have concluded that the requested documents duplicated information in documents previously produced.

Wilma alleged that she sought production of the requested financial documents to verify the amount of her fifty percent interest in David's 2008 QIP

Dist.] Oct. 17, 2013, mandamus denied) (per curiam) (mem. op.); (5) *In re Wilma Reynolds*, No. 14-12-00379-CV, 2012 WL 1454854 (Tex. App.—Houston [14th Dist.] April 26, 2012, orig. proceeding) (per curiam) (mem. op.); (6) *In re Wilma Reynolds*, No. 14-11-01097-CV, 2012 WL 51028 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, orig. proceeding) (per curiam) (mem. op.); (7) *In re Wilma Reynolds*, No. 14-11-00174-CV, 2011 WL 1123375 (Tex. App.—Houston [14th Dist.] March 29, 2011, orig. proceeding) (per curiam) (mem. op.).

income. David objected that the request for production was unreasonably cumulative or duplicative. During the hearing, David pointed out that he already had produced a copy of his 2008 QIP Schedule K-1 and argued it provided all the information Wilma needed to verify her share of the 2008 QIP income, thereby making the requested documents cumulative and duplicative.[2] In response, Wilma offered no evidence that David's Schedule K-1 was misleading, incomplete, or inaccurate. *See In re Beeson*, 378 S.W.3d 8, 12–15 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) ("[A]fter a resisting party objects to the production of tax returns, the burden shifts to the party seeking to obtain the documents to show that the tax returns are both relevant and material to the issues in the case.").

A court may deny a discovery request if the discovery is unreasonably duplicative or could be obtained from a more convenient, less burdensome, or less expensive source. *In re Christus Health Southeast Tex.*, 399 S.W.3d 343, 345 (Tex. App.—Beaumont 2013, orig. proceeding) (citing Tex. R. Civ. P. 192.4). Because David had provided Wilma with his 2008 QIP Schedule K-1 filed with the Internal Revenue Service, we conclude that the trial court did not abuse its discretion when it denied Wilma's motion to compel because the trial court reasonably could have decided that Wilma had all the information she needed to verify the accuracy of David's proffered payment. *See In re Commitment of Hinchey*, No. 09-11-00286-CV, 2012 WL 3853186, *2 (Tex. App.—Beaumont Sept. 6, 2012, pet. denied) (holding trial court did not abuse its discretion when it

---

[2] Because partners are responsible for paying federal income taxes on partnership income, a partnership submits a Schedule K-1 for each of its partners to the Internal Revenue Service when the partnership files its informational Form 1065 return each year. The K-1 shows (among other things) the amount of the partner's share of the partnership income for that year. Each partner then adds that information to the partner's own tax return. *See generally In re American Housing Found.*, No. 09-20232-RLJ-11, Adv. No. 10-02016, 2013 WL 1316723, at *5 n.3 (Bankr. N.D. Tex. March 30, 2013), *aff'd in part, rev'd in part on other grounds*, 785 F.3d 143 (5th Cir. 2015).

denied discovery because it reasonably could have concluded that the requesting party had the relevant information already available to him from other sources); *In re Beeson*, 378 S.W.3d at 15 ("In sum, a party's distrust, without more, is not sufficient to support compelling the production of tax returns containing information already provided or available in other forms.").

Wilma relies on *Finn v. Finn*, 658 S.W.2d 735 (Tex. App.—Dallas 1983, writ ref'd n.r.e.), in which the court of appeals held that denying a wife discovery of partnership financial records beyond K-1s probably caused the rendition of an improper judgment because it prevented the trial court from making a just and right division of the community interest in the husband's law partnership. As the court of appeals explained, the K-1s did not reflect the husband's interest in a reserve account and were inconsistent with figures to which one of the husband's witnesses testified. *Id.* at 744. In this case, however, the property division already occurred, and the uncontradicted K-1 provides the only information needed to determine the value of the fifty percent share of 2008 estimated QIP income awarded to Wilma in the divorce decree. Because the trial court did not abuse its discretion in denying Wilma's motion to compel additional discovery, we overrule Wilma's first issue.[3]

## II. The trial court did not err in granting David's motion for summary judgment.

### A. Standard of review

In her second issue, Wilma contends the trial court erred when it granted

---

[3] Wilma filed a motion to supplement the Clerk's Record with two documents: (1) the Quantlab Vesting and Participation Agreement; and (2) the QIP Operating Agreement. The parties dispute whether these documents are part of the trial court's record of this proceeding. We deny Wilma's motion because even if the documents are part of the record below, they have no impact on our resolution of this appeal, which involves only the amount of Wilma's fifty percent share of 2008 estimated QIP income.

David's motion for summary judgment. We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues set out in the motion. Tex. R. Civ. P. 166a(c). When the movant is a defendant, a trial court should grant summary judgment only if the defendant (1) negates at least one element of each of the plaintiff's causes of action, or (2) conclusively establishes each element of an affirmative defense. *Primo v. Great Am. Ins. Co.*, 455 S.W.3d 714, 720 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

### B. David proved entitlement to judgment as a matter of law.

David moved for traditional summary judgment as to Wilma's petition for enforcement, arguing the summary judgment evidence proved as a matter of law that he had complied with his obligation under the divorce decree. *See generally* Tex. R. Civ. P. 94–95; *Roberts v. Roper*, 373 S.W.3d 227, 233 (Tex. App.—Dallas 2012, no pet.). David attached the following evidence in support of his motion: (1) a copy of the $246,489.60 check from QIP payable to David; (2) a personal check from David for at least half of that amount payable to Wilma; (3) a copy of the cover letter addressed to Wilma that David sent along with the personal check; (4) a copy of the letter written by David's attorney mailing David's check to Wilma's attorney after Wilma refused delivery of the check; and (5) a copy of Wilma's attorney's letter returning David's check to his attorney. In addition, the record shows that David later deposited the funds into the registry of the trial court in compliance with a court order sought by Wilma. We conclude that David met his summary judgment burden and established as a matter of law that he satisfied his obligation under the divorce decree by paying $123,244.80—the full amount of

9

2008 QIP income that the evidence showed was owed to Wilma—into the registry of the trial court. *Cf. Roberts*, 373 S.W.3d at 233 (holding nonmovant did not present summary judgment evidence specifying amount of credit or offset to which he claimed he was entitled and therefore failed to raise genuine issue of material fact on his payment defense).

In her response, Wilma produced no summary judgment evidence creating a genuine issue of material fact on whether $123,244.80 was the correct amount. She instead argued that David was not entitled to summary judgment because she did not accept his tendered payment. Wilma cites *Lopez v. Munoz, Hockema & Reed, L.L.P.* in support of her argument. 22 S.W.3d 857, 864 (Tex. 2000). *Lopez* does not support her argument, however, because it addresses the affirmative defenses of quasi-estoppel and accord and satisfaction based on acceptance of a lesser payment. *See id.* at 863–64.

Wilma next argues that we should reverse the trial court's summary judgment because David did not produce specific documents in response to her discovery requests for further information verifying the amount of his 2008 QIP income. We have rejected this argument above, and therefore it cannot serve as a basis for overturning the trial court's summary judgment.[4]

Having determined that David established his entitlement to judgment as a matter of law, we overrule Wilma's second issue on appeal.

## III. The trial court's final summary judgment order does not contain findings of fact.

Wilma argues in her third issue that there is insufficient evidence supporting

---

[4] Wilma argues in her appellate brief that the check from QIP was a tax reimbursement distribution and not the total value of David's 2008 QIP income. But she did not raise this argument in the trial court, nor does she point to any evidence in the summary judgment record to support her characterization of the check.

the findings of fact contained in the trial court's Final Order Granting Motion for Summary Judgment. Wilma specifically complains of the following language in the order:

> The Court further finds that [Wilma's] portion of the 2008 QIP income award under the original divorce decree has been satisfied by [David] placing money in the amount of $123,244.80 within the Registry of this Court on April 22, 2014. IT IS FOUND that [Wilma] has been satisfied.

Initially, we observe that findings of fact have no place in a summary judgment proceeding. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). A trial court should not make, and an appellate court should not consider, such findings of fact in connection with a summary judgment. *Coastal Transp. Co. v. Crown, Cent. Petroleum Corp.*, 20 S.W.3d 119, 125 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Additionally, we disagree that the challenged part of the trial court's final summary judgment order constitutes a finding of fact by the trial court. Instead, it is a statement of the ground on which the trial court granted David's motion for summary judgment, which we have held above was properly granted. Accordingly, we overrule Wilma's third issue.

## CONCLUSION

Having overruled all issues raised by Wilma in this appeal, we affirm the trial court's judgment.


/s/     J. Brett Busby
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.

11